Gilbert Rossiter *et al.*

*v.*

The City of Lake Forest *et al.*

*Filed at Ottawa, May 8, 1894.—Rehearing denied, October Term, 1894.*

1. SPECIAL ASSESSMENT—*deviation from plan and character of improvement.* The ordinance is the authority for, and the basis of, a special assessment for a local improvement, and the work must con-

form substantially to the "nature, character, locality and description" given in the ordinance, and any deviation therefrom which renders the improvement less beneficial to property assessed, should entitle the owner to relief against the assessment, and any such alteration, however slight, becomes to the owner a substantial and material change. The test should not be merely the identity of the location in the ordinance and place of construction, but the effect produced to the assessed property.

2.   A lot owner has the right to refuse to permit a sewer to be built over his premises until his just compensation has been fixed in the manner provided by the statute, and paid, but if the city can avoid that expense and delay, by a slight change in its location, without decreasing the benefit to his property, it is its right and duty to other property owners to do so.

3.   Where the change in the location of a sewer produces no injury to a lot owner whose lot is assessed, and the proof fails to show that any benefits which could have accrued to his property by the improvement constructed in strict conformity with the ordinance, has been taken away or diminished by the change, no relief will be granted to such owner.

APPEAL from the Circuit Court of Cook County; the Hon. C. W. UPTON, Judge, presiding.

Mr. ALBERT G. WELCH and Messrs. WALKER, JUDD and HAWLEY, for the appellant.

Messrs. SMOOT and EYER, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is a bill for injunction filed in the court below by appellants against appellees, to restrain the collection of a special assessment.

The following facts appear from the allegations of the bill.   The general course of Deerpath avenue in the city of Lake Forest, is east and west.   South of, and fronting on it, are adjoining lots, numbered from west to east, 158, 160, 161 and 164.   Lot 160 extends south to Illinois avenue, and abutting on 158, 161 and 164, are lots 159, 162 and 163, fronting south on Illinois avenue.   Appellants own 160, 161, 162, and the north 50 feet of 163, which

they use and occupy in connection with their residence on the southwest corner of 161.

In August, 1891, the city passed an ordinance to construct a sewer, to be paid for by special assessment, the location of which was described in the ordinance, as being on Deerpath avenue, running west in front of each of the above named lots, to a point 17 feet east of the line between lots 158 and 160, extending northward, thence southwesterly to a point in said line, 122 feet south of the south line of Deerpath avenue, thence to a point in the south line of lot 158, five feet west of the southeast corner thereof, thence south through lot 159, on a line five feet west of and parallel with the east line thereof, passing into the center of Illinois avenue.

The assessment levied to pay for the improvement was made with reference to the description given in the ordinance, and the plans corresponding therewith, and the lots of appellants assessed their proportionate part of the cost of the work. After the assessment had been confirmed and the work of constructing the sewer had progressed to the point 17 feet east of the line between lots 158 and 160 extended northward, as is alleged in the bill, a material variance was made in its location, to the injury of complainants, so that the same does not pass upon lot 160, but runs from Deerpath avenue to Illinois avenue wholly upon lots 158 and 159.

It is also alleged that, as constructed, it is not possible for complainants to connect with the same, "their messuage of land, and to drain into said sewer from their place of residence and out-houses, without first obtaining permission from the city of Lake Forest, or neighboring property owners, whereby they are damaged," etc.; that the sewer, as constructed, is not the one authorized by the ordinance; that to allow the collection of said assessment would be to deprive complainants of the amount of the assessment, without giving them the benefits for which the assessment

was made, and would be a fraud; that the city, through John L. Healey, city marshal and *ex-officio* collector, is proceeding to collect said assessment, etc., and prays for an injunction, etc.

Answers under oath were not waived.

That of the city admits the allegations of the bill as to the passage of the ordinance, the location of the sewer as therein described, and the levy of the special assessment as averred by complainants. It alleges that it was provided by the ordinance that, no connections should be made with said sewer at any point either in the streets, or on private grounds, without permission from the city council. It denies that any change was made in the location of the sewer by reason of which the amount of assessment against complainant's property is in any way affected, or that the benefits which it would receive from the improvement is any less, by reason of a change in the route of said sewer. It avers that the sewer was completed in every respect, according to the provisions of the ordinance, except that when the contractor reached the point 17 feet east of the line between lots 158 and 160, as above described, upon appellants' refusing to allow the same to be extended across lot 160, instead of going southwest as located in the ordinance, leave being obtained from the owners of lot 158, it was continued west to a point two feet west of said line, between lots 158 and 160, extended north, and from there south along the east line of 158 and 159 to Illinois avenue. It denies that such change was a material one, or that it affected complainants' property, and denies that they cannot connect with the same without permission to cross lots 158 and 159. It sets up that complainants knew of the change during the time the work was being done, and made no objection thereto. Avers that their residence can be connected on the west, without disturbing the surface of the earth, the line of the sewer being not more than 18 inches west of the line of lot 160, and that the city con-

structed at the corner of lot 159 a connection piece for their benefit, which is within at least six inches of the line of lot 160, and makes the offer by its answer to extend the same to that line. This answer was sworn to by the mayor of the city. The collector filed a similar answer, which was sworn to by him. The county treasurer was afterwards made a party, and he answered without oath, substantially as had the city and collector.

Without reference to the weight which should be given to the sworn answers in the case, the proof clearly shows that the change in the location of the sewer, which is the basis of complainants' cause of action, produced no injury whatever to them. Even their own testimony wholly fails to show that any benefits which could have accrued to their property by the improvement, constructed in strict conformity with the ordinance, has been taken away, or diminished by the change. The allegations of the answer, to the effect that no greater inconvenience or expense need be incurred by complainants in making connections with the sewer as constructed, than if no change had been made, is so clearly proved that it can scarcely be said to be a matter in controversy. It can not be fairly said that there is any proof to the contrary.

In this state of the record we do not feel called upon, or even justified in entering upon a consideration of the questions as to when a court of equity will interfere by injunction to restrain the collection of a tax, or when in such cases the doctrine of estoppel *in pais* should be applied, although both questions are discussed at some length in the argument. Here the effort is to invoke equitable jurisdiction, to redress a wrong which does not in fact exist. Unquestionably the ordinance is the authority for and the basis of a special assessment for a local improvement, and the work must conform substantially to the "nature, character, locality and description given in the ordinance, and any deviation therefrom which renders the improvement less beneficial to

property assessed, should entitle the owner to relief against the assessment. Any such alteration, however slight, becomes to the owner a substantial, material change. The test should be not merely the identity of location in the ordinance and place of construction, but the effect produced on the assessed property. In *Jacksonville & Savanna Railroad Co.* v. *Kidder*, 21 Ill. 131, cited by counsel for appellants, which was a condemnation proceeding, it was said: "We do not hesitate to say that the company would be bound to construct the road substantially according to the plans thus put in evidence, and if its own or the public interest required a deviation from such plans, to the injury of the owner of the land, he could recover those damages in an action on the case." And again: "Should the company change the plan, * * * * and undertake to construct the road on a plan more injurious to the land, a court of equity would restrain them till additional damages were assessed and paid." By analogy, the same rule should be applied to a case like this, but here the essential thing, injury to the property owner, is wanting.

Complainants certainly had the right to refuse to permit the sewer to be built over their premises until their just compensation had been fixed in the manner provided by the statute, and paid; but if the city could avoid that expense and delay, by the slight change here shown, without decreasing the benefits to their property, it was not only its right, but it was its duty to other property owners to do so. The complainants have been given the full benefit of the improvement, and at the same time relieved of the burthen of the sewer across their lot. We are unable to see what right they have to complain. The change as to them was, to say the least, immaterial if not beneficial, and on that ground alone the decree of the Circuit Court is right, and should be affirmed.

*Decree affirmed.*