L. A. CHURCH et al.

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Opinion filed October 24, 1898.*

1. SPECIAL ASSESSMENTS—*irregularity arising after confirmation may form basis for objection on application for sale.* An irregularity arising after confirmation of a special assessment may be made the basis of an objection, on application for judgment of sale.

2. SAME—*improvement must substantially conform to ordinance.* The ordinance being the sole authority for the construction of an improvement by special assessment, a substantial compliance with its provisions is required, although a literal compliance with the provision as to its location cannot be insisted upon.

3. SAME—*effect of change in location of improvement after confirmation.* An objection to an application for judgment of sale for a sewer assessment, based upon the undisputed fact that the sewer was not laid on the line indicated by the ordinance, should be sustained, in the absence of proof that the sewer as constructed substantially complied with the ordinance, and that the deviation worked no injury to owners and occasioned no decrease in benefits.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

HARVEY STRICKLER, for appellants.

GEORGE B. FINCH, and F. W. PRINGLE, (JOHN A. MAY, and HORACE S. OAKLEY, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an application to the county court of Cook county by the appellee, Kochersperger, in his capacity as county treasurer of said county, for a judgment against certain lots belonging to the appellants, respectively, for alleged delinquent special assessments. The appellants filed objections to the entry of the judgment against their property, but such objections were overruled, to which ruling of the court exceptions were duly preserved.

The improvement, the costs whereof such assessments were levied to pay, was a pipe sewer to be constructed

in South boulevard, from Franklin to Park avenue, in the town of Cicero. The ordinance authorizing the improvement provided that the sewer should be laid "on a line parallel with and twenty-one feet north of the south line of said South boulevard." The lots owned by the appellants abutted upon said South boulevard, in which the sewer was to be so constructed.

On the hearing in the county court, counsel for the appellee admitted in open court that the sewer in question had not been built on a line twenty-one feet north of the south line of the said South boulevard, but had been constructed five feet nearer the said south line. This admission was accompanied with the statement that when the contractors entered upon the work of putting in the sewer they found the line provided by the ordinance, to-wit, twenty-one feet north of said south line of the boulevard, occupied by water pipes, and in view of which fact the trustees of the said town of Cicero adopted a resolution authorizing the sewer to be constructed five feet nearer the said south line of the boulevard, and the sewer was so constructed and completed in accordance with the resolution adopted by the said trustees. The court ruled certain testimony proposed to be introduced by the appellants for the purpose of showing that the change in the location of the sewer operated to their injury, and was less beneficial to them than would have been a sewer constructed on the line provided by the ordinance, was not competent for consideration, and appellants saved exceptions to such ruling.

The resolution of the board of trustees authorizing the contractors to construct the sewer at another place than that fixed by the ordinance, and the construction of said sewer upon such new line in accordance with the resolution, were subsequent to the judgment of confirmation. It therefore appeared the objection could not have been urged on the hearing of the application for confirmation of the assessment. A valid ordinance is the au-

thority for and the basis of a special assessment for local improvements. The improvement, when completed, must conform substantially to the nature, character, locality and description given in the ordinance. Here it was conceded the sewer had not been put in on the line provided by the ordinance. That is to say, the locality of the improvement which has been constructed is not the locality of the improvement ordered to be constructed by the ordinance. The resolution of the board of trustees did not constitute authority for a change of the locality of the improvement, and if it did, there would be no judgment of confirmation of benefits under it to be collected by the appellee collector warranting a judgment of the court, as asked in the application. It is, however, impracticable to require literal compliance with the requirements of an ordinance as to the location of an improvement, and substantial compliance therewith is all that is required. Unless the line on which the sewer is located and completed is substantially and for all practical purposes the line where the ordinance provided it should be constructed, an assessment to defray the cost of making the sewer on such new line would be wholly without authority of an ordinance to sustain it. Property owners can not be compelled to pay for a public improvement by way of special assessments unless an ordinance has been passed authorizing the improvement to be made. *Pells* v. *People,* 159 Ill. 580.

Whether the deviation in the line of the sewer in the case at bar is a substantial and material change in the location thereof was a question of fact. It having been conceded the sewer had been completed but had not been located on the line designated by the ordinance, it became essential to the right of appellee to recover a judgment for special assessments levied to defray the cost of putting in the sewer, to show that, though not upon the exact line specified in the ordinance, the locality of the completed sewer was substantially the loca-

tion established by the ordinance, and that the deviation from the exact line had not operated to the injury of the property owners against whose property judgments were sought, and that the sewer, as constructed, is not less beneficial to their property than a sewer located in literal compliance with the terms of the ordinance. The burden thus cast upon the appellee may be otherwise stated to be, to show the locality of the sewer, as completed, is such as that its construction there was authorized by the ordinance of the town of Cicero. In the absence of such proof the court, in view of the conceded fact the sewer had not been located on the line provided by the ordinance, should have denied the application for a judgment, for the reason authority did not appear to construct a sewer by special assessments at the place where the one in question was constructed.

The position of appellants that exact and literal compliance with the terms of an ordinance is necessary in order to fix the liability of the property holder to pay the assessments is not tenable. Nor is the case of *Rossiter* v. *City of Lake Forest*, 151 Ill. 489, authority in support of that contention. In that case we said (p. 493): "Unquestionably the ordinance is the authority for and the basis of a special assessment for a local improvement, and the work must conform *substantially* to the nature, character, locality and description given in the ordinance, and any deviation therefrom which renders the improvement *less beneficial* to the property assessed should entitle the owner to relief against the assessment. Any *such* alteration, however slight, becomes to the owner a substantial, material change."

Nor is the position of the appellee tenable that the liability to pay a special assessment is irrevocably fixed by the judgment of confirmation, and that no act of the municipality or a failure of the municipality to act, after the rendition of judgment of confirmation, can be availed of as a defense to a judgment and order of sale of prem-

174—24

ises which the judgment of confirmation adjudged would
be benefited by the completion of the improvement. We
recognize the general rule announced by Mr. Cooley in his
work on Taxation, and quoted by this court in *Ricketts* v.
*Village of Hyde Park*, 85 Ill. 110, viz.: "It is no defense to
an assessment that the contract for the work was not
performed according to its terms. The proper authori-
ties must decide upon this, and if they accept the work,
the acceptance, in the absence of fraud, is conclusive."
The same rule was recognized by this court in *Fisher* v.
*People*, 157 Ill. 85, *People* v. *Green*, 158 id. 594, and *Callister*
v. *Kochersperger*, 168 id. 334. But the rule is general, and
subject to exceptions. Mr. Cooley, on page 672 of the
same work from which the foregoing quotation was made,
said: "In general, no defense to an assessment that the
contract for work has not been performed according to
its terms is allowed, but this doctrine must be confined
within the proper limits. It cannot be extended to cover
a case in which the authorities, after contracting for one
thing, have seen fit to accept something different in its
place, for if this might be done, the statutory restraint
upon the action of local authorities in these cases would
be of no more force than they should see fit to allow."

To allow individual property holders to defeat the
collection of a special assessment on the ground the city
had not, at the time of the application for judgment, per-
formed the work or had omitted to perform some portion
of it, or had failed to observe the requirement of the ordi-
nance in relation to the manner in which the work, or
some portion of it, should be performed, would operate to
render impracticable the construction of local improve-
ments by special assessments. Nor does the law leave
the property owner in such cases remediless. The city
may be restrained by injunction from departing from the
terms of the ordinance in any material respect, or the writ
of *mandamus* may be invoked to compel the city to com-
plete the improvement in compliance with the ordinance.

(*Callister* v. *Kochersperger, supra; Fisher* v. *People, supra.*)
But when, as in this case, the applicant for judgment and
order of sale admits that since the adoption of the ordi-
nance and the rendition of the judgment of confirmation
a change in the location of the improvement has been
ordered and made, and that the assessments for which he
asks judgment are to be applied to the payment of the
expenses of an improvement confessedly not located in
exact accordance with the provisions of the ordinance,
the question legitimately arises whether the ordinance
and judgment of confirmation are properly applicable to
the sewer as constructed. We conceive it to be the duty
of the court, in such a case, to require of the applicant it
be proven that the location of the sewer is, in every sub-
stantial and material point of view, within the proper
construction of the terms of the ordinance upon which
the assessments were estimated and the judgment of con-
firmation proceeded.

For the reasons indicated the judgment must be re-
versed and the cause remanded.

*Reversed and remanded.*