ROBERT SCOTT

*v.*

ISAAC N. BASSETT *et al.*

*Opinion filed October 24, 1898.*

1. EVIDENCE—*proof required to lay foundation for introducing secondary evidence of deed.* Under section 36 of the Conveyance act, (Rev. Stat. 1874, p. 279,) preliminary proof to lay a foundation for introducing secondary evidence of a deed must show the original is lost or not in the party's control, and that, to the best of the latter's belief, it was not disposed of for the purpose of introducing a copy.

2. SAME—*proof that deed is not in party's possession is not sufficient.* Testimony by a party wishing to use a deed in evidence that the original is not in his hands is not sufficient proof to warrant the introduction of secondary evidence thereof under section 36 of the Conveyance act, as the original might not be in his manual possession and yet be within his control.

3. SAME—*foundation for secondary proof of one deed is not applicable to others.* Testimony by the plaintiff in ejectment, who relies on proof of payment of taxes while in possession under color of title, that the deed relied upon as color is not within his control, does not authorize the admission of secondary proof of *mesne* conveyances connecting him with such color.

4. EJECTMENT—*the plaintiff must connect himself with color of title.* Plaintiff in ejectment, who relies on proof of payment of taxes while in possession under color of title acquired by another party, cannot recover without proof of the *mesne* conveyances through which he claims connection with such color.

5. TRIAL—*witness giving oral testimony to lay foundation for secondary evidence of deed may be cross-examined.* Where the proof offered to lay the foundation for secondary evidence of a deed is by oral testimony instead of by affidavit, opposing counsel may test the statements of the witness by proper cross-examination.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

This is an action of ejectment, brought in the circuit court of Mercer county by the appellees against the appellant to recover the possession of forty acres of land in that county. The suit was commenced on August 1, 1895. The plea was the general issue of not guilty. The case was tried before the court and a jury. The jury found the

defendant guilty, and that the plaintiffs were the owners of the premises in fee simple, and fixed the damages at one cent. Motion for new trial was overruled and judgment was rendered upon the verdict. The present appeal is prosecuted from such judgment.

The appellees, who were the plaintiffs below, did not attempt to show themselves to be the owners of the paramount title, but introduced certain deeds as color of title, and sought to establish, by proof, possession and payment of taxes for seven years under such color of title.

Appellees, on the trial below, introduced the records of the following deeds, to-wit:

1. The record of a deed dated November 8, 1867, executed by the master in chancery of Mercer county to one Randolph Keig, conveying the lands described in the declaration, and other lands, and recorded in the recorder's office of said county.

2. The record of a deed dated February 19, 1867, executed by Randolph Keig to James C. Bell, conveying the said premises, and recorded in the recorder's office of said county.

3. After proving that James C. Bell died intestate in April, 1876, a widower, and leaving three children, viz., Joseph S. Bell, Omer Bell, and James T. Bell, as his only heirs-at-law, the appellees then introduced the record of a deed of assignment, dated January 7, 1881, executed by James T. Bell and Joseph S. Bell, composing the firm of J. C. Bell's Sons, conveying said property and other property to one T. H. Bras under the laws of the State of Illinois concerning voluntary assignments.

4. The record of a deed, executed by Thomas H. Bras, assignee of J. T. and J. S. Bell to Ella R. Bell, who was the wife of Joseph S. Bell, dated June 3, 1881, conveying the premises in question.

5. The record of a deed, executed by Omer H. Bell to Joseph S. Bell, dated September 7, 1886, conveying the same premises.

6. The record of a deed executed by Joseph S. Bell and Ella R. Bell to F. C. Grabel, dated September 10, 1886, and conveying the same premises.

7. The record of a deed, executed by F. C. Grabel to Frank C. Taggart, dated September 27, 1886, and conveying said premises.

8. An original deed from Frank C. Taggart and wife to the appellees, dated July 17, 1895, and recorded on July 29, 1895, conveying the said premises.

The defendant below, the appellant here, for the purpose of showing title in himself, introduced a tax deed, dated June 4, 1890, made in pursuance of a tax sale had on June 6, 1887, for non-payment of the taxes of 1886, conveying the premises in question, and, in connection with said tax deed, also introduced in evidence an affidavit, together with the tax sale notice attached thereto, etc., presented to the county clerk for the purpose of obtaining said tax deed.

SCOTT & COOKE, and JAMES M. BROCK, for appellant.

BASSETT & BASSETT, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case we forbear to express any opinion upon the question, whether or not the appellees proved possession and payment of taxes under claim and color of title for seven years. We also forbear to express any opinion as to the validity or invalidity of the tax deed introduced by the appellant upon the trial below.

The appellees introduced only the records of the deeds relied upon by them as color, but did not introduce the originals of any of such deeds, except the last deed from Taggart to themselves. Before they were entitled to introduce the records of the deeds, it was necessary to lay a foundation for the use of secondary evidence. Such a foundation was not here properly laid, so as to justify

the introduction of the records instead of the original instruments.

Section 36 of the act in regard to conveyances is as follows: "Whenever, upon the trial of any cause in law or equity in this State, any party to said cause, or his agent or attorney in his behalf, shall, orally in court, or by affidavit to be filed in said cause, testify and state under oath that the original of any deed, conveyance or other writing, of or concerning lands, tenements and hereditaments, which shall have been or may hereafter be acknowledged or proved according to any of the laws of this State, and which, by virtue of any of the laws of this State, shall be required or be entitled to be recorded, is lost, or not in the power of the party wishing to use it on the trial of any such cause, and that to the best of his knowledge said original deed was not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in place of the original, the record of such deed, conveyance or other writing, or a transcript of the record thereof, certified by the recorder in whose office the same may have been or may hereafter be recorded, may be read in evidence in any court in this State, with like effect as though the original of such deed, conveyance or other writing was produced and read in evidence." (1 Starr & Curtis' Ann. Stat.—2d ed.—p. 955).

The testimony introduced in supposed compliance with this statute did not meet its requirements. One of the appellees took the stand as a witness, and his testimony is the only evidence upon this subject in the record. That testimony is as follows: "I have not the original deeds. They are not in the hands of the plaintiffs in this case, and never have been, and I have never seen them. I think I did have the original deed from the master in chancery to Keig. That's the only one I ever had. * * * The deed from the master in chancery is not in my possession. I have no control over it. None

of the deeds mentioned are destroyed so far as I know." Joseph S. Bell in his testimony states, that after the death of his father, James C. Bell, his brother, James, took his father's papers to Burlington, Iowa, and he says he expects those papers could be found.

Section 25 of the Revised Statutes of 1845, being chapter 24 concerning conveyances, provided as follows: "If it shall appear to the satisfaction of the court that the original deed so acknowledged or proved and recorded is lost, or not in the power of the party wishing to use it, a transcript of the record thereof certified by the recorder in whose office the same may be recorded, may be read in evidence in any court of this State without proof thereof." (Rev. Stat. 1845, p. 108). It will be noticed that the language here is: "If it shall appear to the satisfaction of the court." In the interpretation of this statute it was held, that evidence should be introduced, which would satisfy the mind of the court that the production of the deed was not in the party's power. In *Newsom* v. *Luster*, 13 Ill. 175, it was said that the grantee in a deed is presumed to have possession of it, but where a party made affidavit that he had not the original, did not know where it was, and that it was out of his power to produce it, connected with proof that the grantee, when called upon for the original, answered that he had not had it for a long time and did not know where it was, such affidavit was held sufficient to entitle a certified copy to be read in evidence without calling the grantee as a witness. In *Dickinson* v. *Breeden*, 25 Ill. 186, it was held that, where the affidavit of the party disclosed a knowledge of the residence of the grantee in a lost deed, the deposition of such grantee should be taken to prove the existence of the original deed, and that it was lost, or so mislaid that it could not be found after diligent search, and that such grantee had in good faith made such search with a view of finding it. In that case the court remarked upon the danger of allowing the introduction of copies of deeds

conveying valuable lands, without fully establishing the fact of the existence at some time of an original, and of its subsequent loss or destruction, so that after diligent search it could not be found. Subsequently in 1861 the legislature amended the act of 1845, by passing what is now section 36 of the Conveyance act, as above quoted, with the exception that in the act of 1861 the following words did not occur, to-wit: "And that to the best of his knowledge said original deed was not intentionally destroyed, or in any manner disposed of for the purpose of introducing a copy thereof in place of the original." (Gross' Stat. of Ill. 1871, p. 90). The words last quoted appeared as a part of section 36 for the first time in 1872, as will appear by reference to the Conveyance act approved March 29, 1872. (1 Starr & Cur. Ann. Stat.— 2d ed.—p. 955).

While the act of 1861 was in force, this court made several decisions construing its terms. In *Prettyman* v. *Walston*, 34 Ill. 175, the affidavit, offered as preliminary proof for the purpose of laying a foundation for the introduction of the record copy of a deed, stated that the affiant "had not in his possession, power or control" the instrument declared on; and that affiant had not had since the commencement of the suit the original instrument, and had never seen it, and that it was not "within his possession, control or power to produce on the trial." The testimony in the case at bar does not go as far as the affidavit in the *Prettyman case*. That testimony merely states, that the appellee giving it, to-wit, Isaac N. Bassett, had no control over the deed from the master in chancery to Keig, but the testimony does not show that the witness may not have had control over the originals of the other deeds mentioned in the statement preceding this opinion. Those other deeds were as necessary, as the deed originally introduced as color of title, in order to connect the plaintiffs below with such color of title. (*Peadro* v. *Carriker*, 168 Ill. 570).

In *Bowman* v. *Wettig*, 39 Ill. 416, the plaintiff made oath, "that he was not in possession of the original, that he had searched for it unsuccessfully and could not produce it;" this oath was held to be sufficient as preliminary proof, because no objection was made to it by the defendant. In *Fisk* v. *Kissane*, 42 Ill. 88, the plaintiff testified as follows: "I have not, and never had, in my power or under my control, the original of the deed from Patrick Kissane to Robert Rae   *   *   *   nor do I know where the same now is." In *Nixon* v. *Cobleigh*, 52 Ill. 387, the plaintiff swore, in order to lay the foundation for the introduction of the record of a deed, "that he did not have the deed in his possession; that he did not know where it was," and his testimony was held to be sufficient.

In the case at bar, the appellee, Isaac N. Bassett, does not state that the original deeds are not in the power of the appellees to produce the same, but that they are not in the hands of the appellees. A deed might not be in the manual possession of the plaintiff, and yet might be where the plaintiff could control its possession and its production. The statute is, that the preliminary proof must show that the original was lost, or not in the power of the party wishing to use it, etc. The testimony here does not come within the purview of the testimony or affidavits in the cases above referred to. Originals of the deeds referred to by the witness, Bassett, may never have been in the hands of himself or his co-appellee, and they may never have seen such original deeds, and yet it may have been in their power to produce the same.

In addition to this, section 36 of the act of 1872, which is now in force, requires that the plaintiff in his affidavit or testimony should state, that, to the best of his knowledge, the original deed was not intentionally destroyed, or in any manner disposed of for the purpose of introducing a copy thereof in place of the original. The evidence of the appellee Bassett does not meet this requirement. He merely says: "None of the deeds men-

tioned are destroyed so far as I know." They may not have been destroyed, and yet in some manner they may have been disposed of for the purpose of introducing copies in place of the originals.

We are also of the opinion, that the trial court erred in refusing to allow the defendant below to cross-examine the appellee, Bassett, when he was testifying upon this subject. Section 36 provides, that any party to the cause, or his agent or attorney in his behalf, shall orally in court, or by affidavit to be filed in the cause, testify and state under oath, that the original is lost, etc. To lay a foundation for the introduction of the record or a certified copy of the deed, the party has his option, either to file an affidavit, or to take the stand and testify orally in court. In the present case, the appellee, Bassett, instead of filing an affidavit as provided in section 36, was sworn as a witness and gave his evidence orally in court. After he gave his evidence, the record shows that defendant's counsel said: "We desire to cross-examine this witness." The court replied: "I don't think you have a right to cross-examine." Defendant excepted to the ruling of the court forbidding him to cross-examine the witness. We think this ruling was erroneous. We know of no reason why a witness, testifying upon the subject here indicated in behalf of one party, is not subject to cross-examination by the opposite party. When one of the appellees voluntarily placed himself upon the witness stand, instead of filing an affidavit as he might have done, counsel for the defendant had a right to test the correctness and accuracy of his statements by a proper cross-examination.

For the reasons above indicated the judgment of the circuit court is reversed, and the cause is remanded to the circuit court.　　　　　　　　*Reversed and remanded.*