### ROBERT SCOTT

*v.*

### ISAAC N. BASSETT *et al.*

*Opinion filed June 21, 1900.*

1. EVIDENCE—*when affidavit for introducing secondary proof of deed is not sufficient.* An affidavit for introducing secondary evidence of deeds is not sufficient which merely shows that the deeds are not and have not been in the possession, custody or control of affiant, that affiant has made inquiry of the grantees but has not received any of the deeds, and that he does not believe such deeds have been lost or destroyed or disposed of for purpose of introducing copies.

2. SAME—*proviso to section 30 of Evidence act construed.* The proviso to section 30 of the Evidence act, (Rev. Stat. 1874, p. 493,) requiring that a deposition taken before a foreign officer shall be "accompanied" by a certificate of his official character, contemplates merely that the official character of such officer shall be established before the deposition is read in evidence.

3. LIMITATIONS—*temporary entries on land do no change its character as vacant property.* Temporary entries on land or isolated acts of possession made without claim of right or with the intention of excluding others, do not change the character of vacant land to that of land actually possessed and occupied.

APPEAL from the Circuit Court of Mercer county; the Hon. F. D. RAMSAY, Judge, presiding.

COOKE & MAIN, and GUY C. SCOTT, for appellant.

BASSETT & BASSETT, for appellees.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment entered in favor of appellees, against appellant, in an action in ejectment. The case was before us at a former term, (*Scott* v. *Bassett,* 174 Ill. 390,) and we then reversed the judgment, in favor of these appellees, there appealed from, for the reason the appellees had been permitted to introduce certified copies of the records of certain deeds without having first accounted for the absence of the original deeds, as required by the statute providing for the introduction of such certified copies. It is urged,—and, as we think, correctly,—the record in the present case discloses that like error again intervened in the trial which resulted in the judgment here appealed from. The court ruled that an affidavit filed by the appellee Isaac N. Bassett and an affidavit filed by the appellee Thomas W. Bassett were sufficient to lay the foundation for the introduction of certified copies of ten certain deeds in the chain of appellees' title, and permitted such copies to be introduced in evidence.

In the former decision of this case (*Scott* v. *Bassett,* 174 Ill. 390,) we reviewed the decisions of this court relating to the requirements of the statute as to the proof necessary to be made in order to dispense with the production of original deeds. We need not repeat what was there said. It was not stated in either of the affidavits in the present record that any of the deeds were lost, nor, in terms, that it was not in the power of the appellees to produce them.

It is insisted the affidavits state facts from which the conclusion would arise that it was not within the power of the appellees to produce any of such deeds. The affidavit of Isaac N. Bassett is relied upon as disclosing the necessary facts. The statements of this affiant bearing on the point are: "Affiant states that he does not have in his possession, custody or control any of the following deeds:" (Here follow descriptions of the deeds, giving names of grantors and grantees.) "Affiant states that he never had in his possession, custody or control any of the said deeds except the said deed to Randolph Keig, which affiant delivered to said Randolph Keig a short time after it was executed by the master in chancery. Affiant states that Randolph Keig died some fifteen or twenty years ago, and affiant does not know where said deed now is; * * * that he has made inquiry of F. C. Grable, Thomas H. Bras, Joe S. Bell, Omer H. Bell, James T. Bell, Ella R. Bell and M. G. Reynolds, (grantees in said deeds in question,) for all deeds and tax receipts on said land and he has not received any of the deeds above specified. Affiant further states that the original deeds and tax receipts above specified have not any of them, to the best of affiant's knowledge and belief, been destroyed or in any manner disposed of for the purpose of introducing copies or other evidence thereof in place of the original of said deeds and tax receipts."

All that is made to appear by this affidavit is, that the deeds are not and have not been in the possession, custody or control of the appellees, and that the appellee Isaac N. Bassett "made inquiry" of the grantees in the deeds and "has not received any of them," and that such deeds have not been destroyed or in any manner disposed of for the purpose of introducing copies. It appeared from this affidavit said grantees, except Keig, were living and known to the affiant, Isaac N. Bassett; that the appellee Isaac N. Bassett made inquiry of such grantees (presumably about the deeds, though it is not so stated,)

but had not received any of the deeds. Whether such grantees did not have the deeds, or whether they had them and declined to deliver them to the appellee Isaac N. Bassett, or whether the said appellee sought to have them or any of them delivered to him or brought into the court, is not disclosed. The affiant states he does not know where the deed to Keig "now is," but the affidavit is silent as to the knowledge of the affiant as to the whereabouts of any of the other deeds. The statement is inserted in the affidavit of the affiant Thomas W. Bassett that he does not know where any of the deeds are and is omitted from the affidavit made by the appellee Isaac N. Bassett, said Isaac being the only party, so far as it appears from the affidavits, who had sought information and had opportunity to know as to the whereabouts of such deed. The affidavit of the appellee Thomas W. Bassett is, in substance, that none of the deeds are in his custody, possession or control, and that he does not know where any of them are; that to his knowledge and belief they have not been destroyed or disposed of for the purpose of introducing secondary proof of their contents.

It is not inconsistent with these affidavits that the originals of these deeds (except the one to Keig) are in the hands of the respective grantees; that the affiant Isaac N. Bassett knew such to be the fact, and that it was within the power of the appellees, by the process of subpœnas, to have caused the grantees to produce the deeds in court. In deciding this case when before us on the former occasion, we said (p. 396): "A deed might not be in the manual possession of the plaintiff and yet might be where the plaintiff could control its possession and its production. The statute is, that the preliminary proof must show that the original was lost, or not in the power of the party wishing to use it," etc. To hold the facts shown by these affidavits sufficient to authorize the introduction of secondary evidence of the contents of the deeds in question would be to encourage evasions of the

salutary requirements of the statute. The dangers to be apprehended from relaxed or loose ruling on the point are well stated in *Dickinson* v. *Breeden,* 25 Ill. 167.

Other questions discussed in the briefs of counsel will arise on a future hearing of the cause and for that reason should be decided.

Though the proviso to section 30 of chapter 51 of the Revised Statutes, entitled "Evidence 'and Depositions," provides that any deposition taken before a notary public out. of this State shall be "accompanied" by a certificate of the official character of the notary, yet if such certificate does not accompany the deposition it may be produced in court at the hearing and the official character of the notary thus and then established. The true construction of the statute only requires the official character of the officer taking a deposition shall be established before the deposition is permitted to be read in evidence.

Appellant complains of the action of the court in modifying instruction No. 10. The instruction as asked read as follows:

"That so far as the claim of plaintiffs, founded upon color of title and payment of taxes for seven consecutive years while the land was vacant and unoccupied and possession thereafter taken, is concerned, to establish title on that basis it must appear, from a preponderance of the evidence, that throughout the entire period, from the first to the last of such payments of taxes, the land was vacant and unoccupied, *and if during any portion of that period either the plaintiffs, or any of those through whom they claim, or any other person or persons whatsoever, were in possession of said real estate for any period of time whatever, then your finding should be for the defendant, so far as that claim of the plaintiffs is concerned."*

The court detached that portion of the instruction which appears in italics and gave the remainder as asked.

One ground of a right of recovery relied upon by appellees was payment of taxes upon the premises in ques-

tion for seven successive years under a claim and color of title, and that the land was vacant and unoccupied during that period. There was proof tending to show temporary entries on the land by others during that period, and, appellant contends, also acts of possession by others. In *Walker* v. *Converse*, 148 Ill. 622, we said (p. 630): "Entries upon land which are merely temporary, and made without claim of right, or with the intention of excluding others therefrom, such as camping thereon, or leaving a chattel thereon, or occasionally building a hay stack thereon, do not constitute actual possession, so as to change the character of vacant land to that of land actually possessed or occupied." That portion of the instruction excluded by the court was well calculated to mislead the jury to understand that any entry made upon the lands, or any act of possession thereof, however temporary in point of time, and whether with any claim of right to possession or with intent to exclude others, would destroy the character of the land as vacant and unoccupied lands. The instruction as given, as well as other instructions which were given, correctly advised the jury as to the true rule by which they were to be guided.

The court refused to give instruction No. 8 asked by appellant. The appellees predicated right of recovery also on alleged actual possession of the land under claim and color of title made in good faith, and payment of taxes thereon for another period of seven years. This instruction, if given, would have misled the jury as to the effect, under the doctrine of the case of *Walker* v. *Converse, supra*, of mere trespasses or temporary entries on the land, or isolated acts of possession thereof, during the period in which the appellees claimed to have been in actual possession thereof.

For the reason indicated the judgment must be and is reversed and the cause remanded.

*Reversed and remanded.*