THE PEOPLE *ex rel.* Raymond, County Treasurer,

*v.*

L. A. CHURCH *et al.*

*Opinion filed October 24, 1901.*

1. SPECIAL ASSESSMENTS—*when deviation from line in laying sewer is not ground for refusing judgment of sale.* A deviation from the line prescribed by ordinance in laying a sewer is not ground for refusing application for judgment of sale where the evidence shows the sewer could not be laid on that line on account of the presence of water pipes, and that as laid the sewer was as beneficial to the objectors as if it had been laid on the prescribed line, the only difference being that it shortened the length of connecting pipes.

2. SAME—*substantial compliance with ordinance is all that is required.* It is impracticable to require literal compliance with the provisions of an ordinance as to the location of an improvement, and substantial compliance is sufficient.

MAGRUDER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM M. PINDELL, for appellant.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county refusing an application by the county treasurer for judgment of sale of certain real estate owned by the appellees, to satisfy the fourth installment of a special assessment levied by the town of Cicero for the purpose of paying the cost of a pipe sewer laid in South boulevard, from Franklin to Park avenue.

The ordinance provided that the sewer should be laid on a line parallel with and twenty-one feet north of the south line of said South boulevard. On the hearing in the county court it was conceded that the sewer had not been laid on the line designated by the ordinance, but that it had been laid upon a line three and one-half feet

south thereof.    Mr. H. A. Potwin, the engineer in charge of the work, testified: "I was the engineer for the town of Cicero at the time the sewer in question was built. I had charge of the work.   The sewer was constructed on a line seventeen and one-half feet north of the south line of South boulevard and parallel with the south line of said boulevard.    After the contract was let and the first excavation was made we found that there was a line of six-inch water main along this street.   The water pipes in the town of Cicero are usually laid on the north and west sides of the street, but in this case they were laid on the south side.    I inquired at the water department, and was informed that the water main was located sixteen feet from the south line of the street, but on excavating we found the center of the main to be twenty-one feet from said south line, and on finding this water pipe it became necessary to change the location of the sewer or to move the water pipe.    I brought this matter to the attention of the drainage committee, and the chairman of the committee authorized me to make the change. I laid the sewer where I did on account of encountering the water pipe in the exact line proposed for the sewer. South boulevard is a street eighty feet wide, on the north line of which is located the right of way of the Chicago and Northwestern Railway Company.    There is no property on the north side of South boulevard affected by this sewer.   The sewer is built of twelve and fifteen-inch vitrified sewer pipe, is impervious to water, and is laid on an average thirteen feet in the ground below the surface of the street.    The people who are objecting in this proceeding have connected with this sewer."

The same property owners have heretofore filed objections to judgments of sale on the first and second installments of this assessment on the ground that the improvement was not constructed in accordance with the ordinance.   *Church* v. *People*, 174 Ill. 366; *Church* v. *People*, 179 id. 205.

In the second *Church case*, (179 Ill. 205,) on page 208 it is said: "It was admitted upon the hearing in the county court that the line of pipe sewers in question had not been built on a line twenty-one feet north of the south line of the said South boulevard, but had been laid five feet nearer said south line, and it is urged the improvement was not constructed in accordance with the ordinance, and that for that reason the special assessments provided for by the ordinance cannot be collected. This objection as to this improvement and this ordinance was presented to this court in *Church* v. *People ex rel.* 174 Ill. 366, and we held that whether the deviation in the line of the sewers was a substantial and material change in the location was a question of fact, and 'it became essential to the right of appellee to recover a judgment for special assessments levied to defray the cost of putting in the sewer, to show that, though not upon the exact line specified in the ordinance, the locality of the completed sewer was substantially the location established by the ordinance, and that the deviation from the exact line had not operated to the injury of the property owners against whose property judgments were sought, and that the sewer, as constructed, is not less beneficial to their property than a sewer located in literal compliance with the terms of the ordinance.' We need not elaborate the point, for in the opinion in the case cited all is said upon it necessary to be said. The record in that case and this, so far as this objection goes, is the same. In the absence of proof that the location of the line of pipe sewers as laid in the boulevard conforms substantially to the requirements of the ordinance, the judgment must be reversed and the cause ordered to be remanded."

Under the rulings of this court in said cases the only question involved in the case at bar is whether or not the evidence heard in the lower court establishes the fact that the sewer, as located, conforms substantially with the requirements of the ordinance. A number of

witnesses were examined upon the proposition, from whose testimony we think it clearly appears the sewer as constructed conforms substantially with the requirements of the ordinance. Mr. Potwin testified: "In my opinion the sewer as laid is just as beneficial to the property as if it were laid on the original line. It is the same size, is laid at the same grade and elevation, and connects with the same outlet as specified in the ordinance. The fact of it being three and one-half feet further south simply changed the length of the sewer connections to the houses, making them three and one-half feet shorter.

The court: "Does it result in any injury in any way,— do they receive any injury in any way that they would not receive if the sewer was put where the ordinance stated?

A. "No, sir; they would not.

Q. "For all practical purposes they can use the sewer as now laid as well as if it were laid on the original line?

A. "Yes."

Mr. F. D. P. Snelling testified: "I have been in the real estate business in the city of Chicago for eleven years. I have examined the property along the line of the proposed sewer and am familiar with the fact that the sewer is laid three and one-half feet south of the line proposed by the ordinance. In my opinion it is as beneficial as if it had been laid according to the ordinance.

The court: "What experience have you had with the laying of sewers or observing the work?

A. "I have had a general observation of eleven years in watching the effect of sewers on the value of property, and also in subdivision work and in putting in of sewers. The effect of the sewer upon the adjacent property will be just the same as if the sewer was laid in the original line provided in the ordinance. About one-half of the property along the line of the proposed sewer is built on and the balance is vacant. The trees seem to be in a healthy condition."

Albert Schonbeck testified: "I have been in the real estate business in the city of Chicago for twenty-two years. I have examined the property along the line of the sewer in question and consider the sewer just as beneficial as if it had been laid according to the ordinance.

Q. "What effect has this sewer upon the property by the change of location?

A. "It would be a benefit to it,—more so than if it were laid in the original place, or three and one-half feet further north, because it shortens the length of the connecting pipe to the lot, or shortens the connection with the houses, and it would save that amount. From my experience with sewers I do not think they have any effect upon trees. The trees along the line of this proposed sewer seem to be in a healthy condition."

Patrick F. Haynes testified: "I have been in the real estate business in the city of Chicago eighteen years, and have examined the property along the line of this proposed sewer. I think the sewer as built just as beneficial as if it had been built in accordance with the ordinance."

The evidence offered by appellees tended to show that the sewer as located affected somewhat the growth of trees along the line thereof, and that it had a tendency to drain, and thereby dry up, the lawns. The fact that the sewer is practically impervious to water and is located thirteen feet below the surface of the ground weakens very much the contention of appellees in this regard.

As said in the first *Church case*, (174 Ill. 366,) on page 368: "It is * * * impracticable to require literal compliance with the requirements of an ordinance as to the location of an improvement, and substantial compliance therewith is all that is required."

In view of the foregoing evidence we hold that the appellant has established that the sewer as constructed conforms substantially with the requirements of the ordinance in the matter of location, and that the county court erred in refusing a judgment of sale of said real

estate, to satisfy the fourth installment of said special assessment.

The judgment of the county court will therefore be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.                          ⋅ *Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting.