THE PEOPLE *ex rel.* Lewis C. Price, County Treasurer,

*v.*

J. W. BRIDGEMAN.

*Opinion filed December 20, 1905.*

SPECIAL ASSESSMENTS—*variation from ordinance as to size of cobble-stones does not make a different improvement.* A variation from the terms of the ordinance in the size of some of the cobble-stones used in a pavement does not make the improvement a different one from that provided for by the ordinance, and the objection is not available upon application for judgment of sale for the tax.

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

HUFF & COOK, (SMOOT & EYER, of counsel,) for appellant.

Mr. JUSTICE RICKS delivered the opinion of the court:

The county court of Lake county denied a judgment and order of sale on the application of the appellant against the property of appellee for the delinquent first installment of a special assessment for grading and paving Scranton avenue and other streets in the village of Lake Bluff, and this appeal is prosecuted from that judgment.

The ordinance required that there should be a road-bed prepared; that it should be rolled and covered with a layer of cobble-stones of the depth of nine inches at the center of the roadway and slope to the sides, where it should be six inches deep, and be rolled with a ten-ton roller; that the cobble-stones should be uniform in quality and as near cubical in form as possible, and broken so as to pass through a ring of four inches internal diameter, all the larger pieces, as far as practicable, to be placed at the bottom of the layer; that upon this was to be placed a layer of bonding gravel,

which should be flooded and rolled, and upon this a layer of medium-size cobble, to be crushed so as to pass through a ring of three-fourths inches internal diameter, to be of the depth of four inches at the center of the roadway and sloping to three inches at the sides, which was to be rolled, and thereon another layer of bonding gravel was to be laid in such quantity as, when flooded and rolled, would fill the interstices of the stone. The road so made was to be flooded and rolled with a ten-ton roller.

The assessment was payable in ten installments. There is no objection to the formal proof or any of the proceedings had from the time of the origin of the improvement to the time of the hearing in the county court.

Appellee filed three objections, the second and third of which only were urged or relied upon. The second objection was, that the improvement was not completed in accordance with the ordinance; and the third objection was, that the improvement was a new and distinct improvement from the one contemplated in the ordinance.

Over the objections of appellant the court permitted the appellee to testify that the cobble-stones were not over half crushed; that the size of the stones ran from the size of one's fist in the first layer to the size of a hen's egg in the second layer, and that there were not over half of the stones in either layer that were crushed. The witness further testified, on cross-examination, that he had said in open meetings of the board of local improvements that he could not find any fault with the improvement, and he concluded by saying, "I haven't found any fault with it now." The witness testified that the road was a good, smooth, hard road and looked well, but that there were occasional places where he could kick up a cobble-stone with his foot. A witness named Lyon had testified in another case and it was admitted that he would testify the same in the case at bar, and there are objections of the appellant as to the competency of his testimony; but by agreement that, if competent, what he

had testified to in the former case might be applied in the case at bar, his evidence in the former case was read, in which he pointed out that the work had not proceeded regularly and that in some instances the contractor had not rolled the cobble-stones until he had put on the bonding course, and that many of the cobble-stones were not crushed. The court then viewed the premises, reciting in his order that it was done by agreement of parties, and rendered a judgment adverse to appellant.

We have many times held that on an application for judgment and order of sale the objection that the work was not completed according to the contract could only avail when it was shown that the improvement as constructed was a new and different improvement from that called for by the ordinance; that a mere difference in the quality of the material or a deviation in the workmanship did not amount to a new or different improvement. In the case at bar appellee has filed no brief or argument and therefore makes no contention about it, and when the evidence is looked to it is quite apparent that the identical improvement called for by the ordinance was constructed, and that what is claimed as making it a new or different improvement is a variation from its provision as to the size of the cobble-stones. This last matter could not be urged or should not be permitted to prevail in an application for a judgment and order of sale. *Church* v. *People,* 174 Ill. 366; *People* v. *Whidden,* 191 id. 374; *City of Chicago* v. *Sherman,* 212 id. 498.

The county court erred in its judgment, and it is accordingly reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*