THE PEOPLE *ex rel.* Lewis C. Price, County Treasurer,

*v.*

CLARA B. WIEMERS *et al.*

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. SPECIAL ASSESSMENTS—*what objection cannot prevail on an application for a judgment of sale.* An objection that there is a variation from the size of the cobble-stones provided for in the ordinance for a paving improvement cannot prevail upon application for judgment and order of sale for a delinquent special assessment.

2. SAME—*proof that "crushed cobble" has a well defined meaning is proper.* Upon objection, on application for judgment of sale, that the improvement is a different one from that provided for in the ordinance, in that broken or crushed cobble-stone was not used, the court should permit proof to be made that the term "crushed cobble" or "broken cobble," as used in the ordinance, has a well known and established meaning.

3. SAME—*uncertainties of ordinance should be attacked on application for judgment of confirmation.* Uncertainties in matters of description contained in a special assessment ordinance, if they are of such a nature that they might have been raised upon application for judgment of confirmation, cannot be raised upon application for judgment of sale, unless there is a total failure of the ordinance to include the necessary specification of the nature, character, locality and description of the improvement required by the statute.

4. SAME—*description of property under which owner acquired title is good as to him.* For the purposes of taxation the description of property under which owner acquired title is good as against him.

5. EVIDENCE—*when copy of plat is not admissible.* A copy of a plat is not admissible upon application for judgment of sale for a delinquent special assessment for the purpose of showing a defective description of the property assessed, where no proof is made that the original plat was not within the control of the parties.

6. SAME—*permitting additional proof after evidence is closed is within discretion of court.* Permitting the introduction of additional proof after the evidence is closed and arguments begun is a matter within the sound discretion of the court, but where the trial is not before a jury, leave to make such proof should not be refused without good reason.

225—2.

WRIT OF ERROR to the County Court of Lake county; the Hon. DWIGHT L. JONES, Judge, presiding.

HUFF & COOK, (SMOOT & EYER, of counsel,) for plaintiff in error.

COOKE, POPE & POPE, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

In June, 1905, the county court of Lake county, on the application of plaintiff in error, denied judgment and order of sale against the property of defendants in error for the delinquent first installment of a special assessment for grading and paving Scranton avenue and other streets in the village of Lake Bluff, Illinois. This writ of error brings up for review the proceedings on that hearing.

Objection is made that this is a different improvement from the one described in the ordinance, in that broken or crushed cobble-stone was not used, as required by the ordinance. This identical point on the same ordinance for the same improvement was raised, and decided by this court, on appeal from the order denying judgment on the same application, but for different property, in *People* v. *Bridgeman,* 218 Ill. 568. The description of the improvement in question is fully set forth in that opinion and need not be re-stated. It is urged by defendants in error that the evidence offered on the hearing now under consideration was of a different character from that on the hearing of the former objection. Be that as it may, from the record and evidence before us we are compelled to conclude that on the question of its being another and different improvement from that called for by the ordinance the evidence here is substantially the same as that presented in the former case.

The claim that none of the cobble-stone used in the improvement was broken or crushed is not borne out by the record. The court, by agreement of the parties, viewed the

premises, as it did in the former case. Leaving out of con-sideration this view, of the court, the decided weight of the testimony is that broken or crushed cobble-stone was used. As was said in *People* v. *Bridgeman, supra:* "What is claimed as making it a new or different improvement is a variation from its provision as to the size of the cobble-stones." This would not make the improvement a different improvement from that described in the ordinance. This be-ing true, the alleged variance cannot serve as the basis of a valid objection. Moreover, on the hearing of these objec-tions we think the court erred in refusing to permit testimony that the term "crushed cobble" or "broken cobble," as used in the ordinance, had a well known and established meaning. This court has frequently decided that such testimony on questions of this kind should be received. *Kuester* v. *City of Chicago,* 187 Ill. 21; *Shannon* v. *Village of Hinsdale,* 180 id. 202; *City of Chicago* v. *Holden,* 194 id. 213; *Holden* v. *City of Chicago,* 212 id. 289.

Two questions are raised here that were not decided in *People* v. *Bridgeman, supra.* It is insisted that the ordi-nance is illegal and void because of the uncertainty as to the kind of sod-edge curb and the filling forming a portion of said improvement; that it calls for good, fresh-cut and live sod, but fails to specify its thickness or the character of the grass, clover or other vegetation thereon. Without attempt-ing to set out in detail the objections on this point, it is plain that these questions could have been raised at the hearing on the confirmation of the assessment. Numerous decisions of this court, as well as the statute, hold that if they could have been then raised they cannot be raised later on applica-tion for judgment unless they go to the jurisdiction of the court. *Walker* v. *People,* 202 Ill. 34; *Shepard* v. *People,* 200 id. 508; *Wells* v. *People,* 201 id. 435.

Many of the decisions relied on by counsel in support of this contention do not apply, as they were proceedings under the Sidewalk act of 1875, and, as was pointed out

in *Walker* v. *People, supra,* the property owners under that act had no opportunity to be heard until the application for judgment of sale. Unless there is a total failure to include in an ordinance the necessary elements of a specification of the nature, character, locality and description of the improvement required by statute, the mere fact that the specification is defective in some respect is not a defense to an application for judgment of sale. *Gross* v. *People,* 172 Ill. 571; *Blount* v. *People,* 188 id. 538.

It is further urged that the descriptions of the lots here objected for are void, for the reason that there was no legally executed plat or map from which they can be located with any degree of definiteness. To support this contention objectors offered in evidence the "plat of the north addition to Lake Bluff" from the recorder's office of the county of Lake. The plat offered was not the original. Under section 2 of chapter 109 (Hurd's Stat. 1905, p. 1528,) and section 35 of chapter 30, (Hurd's Stat. 1905, p. 470,) before the objectors could be permitted to offer secondary evidence they should have shown that the original plat was not within their control. No such proof was made. Under these circumstances the court should have excluded the plat. *Scott* v. *Bassett,* 174 Ill. 390; *Baltimore and Ohio Southwestern Railroad Co.* v. *Brubaker,* 217 id. 462.

During the closing arguments plaintiff in error offered to produce in evidence certified copies of deeds showing that the objectors had purchased the property described in the objections by the same descriptions set forth in the special assessment proceedings and to which they are now objecting. It is said by counsel for defendants in error in their brief that the evidence was not offered at the time, but was produced later on and incorporated in the bill of exceptions. If such was the case the fact should have been shown in the record. The only objection shown was, that this evidence was "offered after the proofs had been closed," and it is not shown that the proof was not in court at the time the offer

was made. The introduction of evidence at such a time usually rests within the sound discretion of the court. This not being a jury trial, we can see no good reason why the court should not have permitted this evidence to be introduced when offered. For the purposes of taxation the description of property under which the owner has acquired title will be good as against him. *Koelling* v. *People,* 196 Ill. 353.

For the reasons indicated, the judgment of the county court will be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*