## George A. Heyl, Appellee, v. Ritt Bradford, Appellant.

1. DEPOSITIONS, § 3*—*when certificate of officer taking deposition is necessary.* Under Rev. St. ch. 51, sec. 30 (J. & A. ¶ 5547), the want of a certificate of the official character of the person taking a deposition renders it inadmissible in evidence where the deposition was taken by an officer outside of the State of Illinois and the dedimus on which it was taken did not name any particular person as commissioner.

2. DEPOSITIONS, § 38*—*when deposition taken outside state may be objected to.* The objection that a deposition taken outside of the state lacks the certificate of the official character of the person taking it which is required by Rev. St. ch. 51, sec. 30 (J. & A. ¶ 5547), may be taken advantage of on the trial by objecting to the reading of it in evidence.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed April 27, 1920.

HALL, MARTIN & HOOSE, for appellant.

LIVINGSTON & WHITMORE and HEYL & HEYL, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is a suit in assumpsit to recover commissions on the sale of a herd of ponies. The verdict and judgment were in favor of the plaintiff for $195. On the trial of the case the plaintiff, to support his action, offered the deposition of the person who purchased the ponies. Objection was made by defendant to its being read in evidence on the ground that there was no certificate of the official character of the person taking it, as required by section 30 of chapter 51, Rev. St. (J. & A. ¶ 5547). The objection was overruled and the deposition was read in evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Section 30, ch. 51 (J. & A. ¶ 5547), provides in part as follows: "Provided, that when any deposition shall be taken as aforesaid * * * out of this State, * * * such return shall be accompanied by a certificate of his official character, under the great seal of the State, or under the seal of the proper court of record of the county or city wherein such deposition shall be taken." No such certificate accompanied or was attached to the deposition in question or was produced in court when such deposition was offered to be read in evidence. The deposition was taken by an officer outside of the State of Illinois, and the dedimus on which it was taken did not name any particular person as commissioner. Under that state of facts the want of the proper certificate was fatal to the deposition and can be taken advantage of on the trial by objecting to the reading of it in evidence. *Scott v. Bassett*, 186 Ill. 98; *Bishop v. Hilliard*, 227 Ill. 382. It was error to permit the deposition to be read in evidence. The judgment of the circuit court is reversed and the cause is remanded to that court.

*Reversed and remanded.*