THE PEOPLE *ex rel.* William H. Stiteley, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*property of a railroad must be described so that it can be located.*    Section 42 of the Revenue act prescribes the form for describing railroad property for taxation, and while it is not necessary to strictly follow the statute, yet the property of a railroad company denominated "railroad track" should be so described that it may be located by a competent surveyor.

2. SAME—*when the court is without jurisdiction to render a tax judgment against railroad property.*    Where railroad property is described merely as "Chicago, Burlington and Quincy Railroad Company.—Railroad tracks composed of the right of way, main track, second main track and turn-out, and the stations and improvements of said railway company on such right of way," the county court is without jurisdiction to enter a judgment for taxes, even though the railroad company appears and files objections to the merits of the taxes, where no amendment of the description was made, as the proceeding is *in rem* and not *in personam.*

APPEAL from the County Court of Carroll county; the Hon. JOHN D. TURNBAUGH, Judge, presiding.

256 — 23

BREARTON & WALTER, for appellant.

F. J. STRANSKY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale by the county collector of Carroll county, in the county court of said county, against the property of the appellant for the following taxes levied for the year 1911: $340.15 of the county taxes levied for contingent expenses; $16.17 of the town taxes of Elkhorn Grove township levied for town purposes; $292.37 of the taxes of the city of Savanna levied to pay $3400 due the First National Bank of Savanna, borrowed to pay judgments in that amount against the city; also $270.50 of road and bridge taxes in the town of Mt. Carroll, $61.45 of road and bridge taxes in the town of Elkhorn Grove, and $182.57 of road and bridge taxes in the town of Wysox, levied under section 14 of the Road and Bridge act. The appellant appeared and filed objections, which were sustained as to the county taxes, the Elkhorn Grove town taxes and the city of Savanna taxes and were overruled as to the additional road and bridge taxes of the towns of Mt. Carroll, Elkhorn Grove and Wysox, and judgment was rendered accordingly. The railroad company has prosecuted this appeal from the judgment and order of sale for the additional road and bridge taxes in the towns of Mt. Carroll, Elkhorn Grove and Wysox, and the People have assigned cross-errors as to the action of the court in refusing judgment for the county taxes, the town taxes of the town of Elkhorn Grove and the city taxes of the city of Savanna.

From the view that we take of this case it will only be necessary to consider one of the objections raised to the application for judgment and order of sale, which objection goes to the validity of all of the tax levies objected to, viz., that the county court did not have jurisdiction to

render judgment against the property of the appellant by reason of the indefinite manner in which the property of the appellant was described, it being described as follows: "Chicago, Burlington & Quincy Railroad Company.—Railroad tracks composed of the right of way, main track, second main track and turn-out, and the stations and improvements of said railway company on such right of way."

Section 42 of chapter 120 of the Revised Statutes, entitled "Revenue," provides for the assessment of the real estate of railroad companies used for railroad purposes, and states that for the purposes of assessment it shall be denominated "railroad track" and shall be so listed and valued, "and shall be described in the assessment thereof as a strip of land extending on each side of such railroad track, and embracing the same, together with all the stations and improvements thereon, commencing at a point where such railroad track crosses the boundary line in entering the county, city, town or village, and extending to the point where such track crosses the boundary line leaving such county, city, town or village, or to the point of termination in the same, as the case may be, containing ....... acres, more or less, (inserting name of county, township, city, town or village boundary line of same, and number of acres, and length in feet,) and when advertised or sold for taxes, no other description shall be necessary."

This section of the statute is undoubtedly directory, and any description of railroad property which is denominated as "railroad track" which will enable a competent surveyor to locate the property would be sufficient for the purposes of taxation. If, however, the property is not so described that it can be identified and located, the court would be without jurisdiction, by reason of such defective description, to render judgment for taxes against the property; and this would be true even though the railroad company entered its appearance for the purpose of objecting to judgment and order of sale, unless the defective de-

scription was cured by amendment, which might be done after the railroad company had submitted itself to the jurisdiction of the court. Until, however, such defect was cured by amendment the court would be without jurisdiction as to the property, as the proceeding is *in rem* and not *in personam*. (*People* v. *Chicago and Alton Railroad Co.* 96 Ill. 369; *People* v. *Dragstran,* 100 id. 286; *People* v. *Rickert,* 159 id. 496; *People* v. *Eggers,* 164 id. 515; *Hook* v. *People,* 177 id. 632; *Koelling* v. *People,* 196 id. 353; *Otis* v. *People,* id. 542; *Smythe* v. *People,* 219 id. 76.) In this case it is apparent that the property of the appellant is defectively described and could not be located. The description is of such an indefinite character that it might be held to include "railroad track" not included within the jurisdiction of the taxing body, or might include two or more lines of railroad right of way belonging to the appellant within the county, only one of which was located within the jurisdiction of the taxing body making the tax levy sought to be enforced. While the defect might have been cured by amendment, (Hurd's Stat. 1911, chap. 120, sec. 191, p. 1940; *Walsh* v. *People,* 79 Ill. 522; *People* v. *Smith,* 149 id. 549; *Chicago, Madison and Northern Railroad Co.* v. *People,* 207 id. 312;) it was not so cured, and the county court was without jurisdiction to render judgment against the lands of the appellant for any of said tax levies.

The judgment of the county court as to the county taxes, the town taxes of the town of Elkhorn Grove and the taxes of the city of Savanna will be affirmed and as to the additional road and bridge taxes of the towns of Mt. Carroll, Elkhorn Grove and Wysox it will be reversed.

*Affirmed in part and reversed in part, without remanding.*