THE PEOPLE *ex rel.* Ona L. Cline, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed February 17, 1915.*

1. TAXES—*county may levy tax for State aid roads—purpose of section 22 of Roads and Bridges act of 1913.* A county may, under its general power to levy taxes for county purposes, levy a tax for State aid roads, as section 22 of the Roads and Bridges law of 1913 relates to the appropriation of funds for the share of the county in the construction of a State aid road along a designated route which has been determined upon.

2. SAME—*what is properly included in a tax for ditching to drain roads.* In levying a tax, under section 58 of the Roads and Bridges law of 1913, for ditching to drain roads it is proper for the highway commissioners to include an amount sufficient to pay an assessment against the township under the Drainage law. (*People* v. *Wabash Railroad Co.* 256 Ill. 394, followed.)

3. SAME—*when description of railroad property in delinquent list and judgment is sufficient.* If the description of railroad property in the delinquent list and judgment would be sufficient to enable a competent surveyor to find and identify the property the description complies with the law, as a railroad is a fixed and continuous monument in the description of lands.

APPEAL from the County Court of Piatt county; the Hon. ELIM J. HAWBAKER, Judge, presiding.

CHARLES F. MANSFIELD, (JOHN G. DRENNAN, of counsel,) for appellant.

P. J. LUCEY, Attorney General, THOMAS KASTEL, State's Attorney, and GEORGE P. RAMSEY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Piatt county against the property of the appellant, the Wabash Railroad Company, for delinquent taxes of the year 1913.

The county board included in the levy for county taxes $7500 for State aid roads, and the appellant objected to that portion of the county tax on the ground that the methods provided for aiding in the construction of State aid roads are by appropriating funds from the county treasury or submitting to the legal voters of the county the question of issuing bonds for that purpose. The court overruled the objection. In the case of *People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497, and other cases, it was decided that the county board may levy a tax to provide an amount equal to the allotment to the county by the State highway commission, and that section 22 of the Road law relates to the appropriation of funds for the share of the county in the construction of a State aid road along a designated route which has been determined upon. The court did not err in overruling the objection.

The commissioners of highways of Cerro Gordo township levied a tax of $1250 for ditching to drain roads, to which the appellant objected. Section 58 of the Road law authorizes a tax for ditching to drain roads, and there had been an assessment against the township in October, 1912, under the Drainage law. An installment of the assessment amounting to $184.07 would be due on December 1, 1913, and the tax was levied and certified on September 2, 1913. The court gave judgment for appellant's portion of that assessment and refused judgment for the remainder. It was the duty of the commissioners of highways, at the time of certifying the general tax levy, to include a sufficient amount to pay the assessment coming due, and the tax to that extent was properly levied under the authority of *People* v. *Wabash Railroad Co.* 256 Ill. 394.

The appellant contends that the judgment was void because the description of its property was not sufficient to locate and identify it. The description was as follows:

"Wabash Railroad Co. (main line,) Bement and Cerro Gordo townships, comprising all the right of way of the

above named company in the towns of Bement and Cerro Gordo, county of Piatt and State of Illinois.

"Wabash Railroad Co. (Chicago and Paducah division,) Blue Ridge, Sangamon, Monticello, Bement and Unity townships, comprising all the right of way of the above named company in the town of Blue Ridge, Sangamon, Monticello, Bement and Unity, in the county of Piatt and State of Illinois."

A railroad is a fixed and continuing monument in the description of lands. (*Miller* v. *Beeler,* 25 Ill. 163.) The same description given in the delinquent list and judgment would be sufficient in a conveyance, and as the property could be found and identified by a competent surveyor the description complied with the law. *Koelling* v. *People,* 196 Ill. 353.

The judgment is affirmed.        *Judgment affirmed.*