THE PEOPLE ex rel. Orlin G. Holmes, County Collector, Appellee, vs. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*the commissioners need only certify the amount required for road and bridge purposes.* The statute merely requires the highway commissioners to certify the amount required for road and bridge purposes, and it is not necessary that they certify that the meeting was held to determine the rate.

2. SAME—*record of highway commissioners may be amended without leave of court.* The record of the highway commissioners may be amended to show the facts without leave of court, under the rule that the records of a public body may be amended at any time to show the facts, by those in charge of the records.

3. SAME—*what is sufficient approval of road and bridge taxes.* A record of the county board showing that the board, having the several levies of the highway commissioners before it, resolved that the county clerk be authorized and instructed to extend the rates certified by said commissioners in each of the townships, shows a sufficient approval by the board of the levies for road and bridge purposes. (*People* v. *Illinois Central Railroad Co.* 266 Ill. 636, distinguished.)

4. SAME—*when certificates of commissioners are filed in time.* The certificates of the highway commissioners of the amounts required for road and bridge purposes are filed in time if filed in the office of the county clerk in time to be presented by him to the county board at its September meeting.

5. SAME—*effect where description in delinquent list covers too much property.* The fact that the description in the delinquent list covers too much property is not a valid objection to a judgment against that part which is subject to the tax. (*Mann* v. *People,* 102 Ill. 346, distinguished.)

6. SAME—*delinquent list need not separately describe the portion of railroad track in each taxing district.* If the delinquent list describes the property of a railroad company in the county in the form prescribed by the Revenue act, and the description is definite, certain and such as to enable any competent surveyor to locate the property, or any part of it, either as it extends through the county or within any taxing district, it is not necessary that there be separate descriptions of the portion of the property in each taxing district; but the judgment must be limited to the property in the particular taxing district for the tax for which the judgment is given.

APPEAL from the County Court of Crawford county; the Hon. DUANE GAINES, Judge, presiding.

P. J. KOLB, and CALLAHAN, JONES & LOWE, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

J. B. CROWLEY, State's Attorney, (NEWLIN, PARKER & NEWLIN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Crawford county overruled objections of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to road and bridge taxes for the year 1914 of the towns of Hutsonville, Lamotte, Robinson, Honey Creek and Montgomery, with the exception of $8.04 of a tax levied in Honey Creek, to which an objection was sustained, and judgment was entered for the remainder of the taxes.

Four objections are insisted upon in this court: First, that the certificate of the commissioners of highways of each town, filed with the county clerk, did not show that the amount to be levied had been determined at a meeting held on the first Tuesday in September, 1914, and did not show that the commissioners of highways met between the first Tuesday in August and the first Tuesday in September for the purpose of determining the rate to be levied; second, that the commissioners in the several townships did not hold the two meetings required by sections 50 and 56 of the Road law; third, that the county board did not, at its regular September meeting, approve the road and bridge taxes of the several towns; and fourth, that the property of the objector was incorrectly and improperly described in the delinquent list.

The certificates of the commissioners of highways filed with the county clerk were all in substantially the same form, and each one certified to the amount necessary to be raised by taxation for the ensuing year for the proper construction, maintenance and repair of roads and bridges in the town. They did not certify, in addition, that meetings were held between the first Tuesday in August and the first Tuesday in September to determine the tax rate, but that was not necessary. There is no requirement of the law that the certificate to the county clerk shall contain anything except the matter provided in section 56.

The record kept by the town clerk in each town, either as originally written or as amended at or before the hearing, showed the holding of the two meetings required by law and a full compliance with the statute. In Lamotte township the original record of the meeting held on August 15, 1914, was informal but intelligible, and before the hearing, and on the same day, the town clerk made the record full and formal. It is objected that no leave to amend the record was obtained, but, whether it was necessary to amplify the record or not, it was not necessary to have leave of court. The records of a public body may be amended at any time in accordance with the facts, by those in charge of the record. (*People* v. *Zellar,* 224 Ill. 408.) In the town of Montgomery there was no record of any meeting on September 1, 1914, but it was proved that a meeting was held and the amount of the tax determined, and the record was amended, by leave of court, so as to show the meeting in accordance with the fact. In the town of Robinson the court gave leave to amend the record of a meeting held on August 22, 1914, which was informal in its language. There was no error in permitting the amendments.

Counsel say that in the town of Honey Creek the certificate contained figures of the amount to be levied but no mark or other indication that the amount was in dollars. The abstract misrepresents the record in that respect. There

were two amounts given in figures without a dollar mark but the total was given "$4050."

The certificates of the commissioners of highways were filed with the county clerk, and at the regular annual meeting in September, 1914, the following resolution was adopted by the county board:

"Whereas, the board of supervisors of the county of Crawford and the State of Illinois now in annual session, having before them the several levies as made by the commissioners of highways of the respective townships of the county for the year 1914, as provided by law, therefore be it

"*Resolved,* that the county clerk be and he is hereby authorized and instructed to extend the rates certified by said commissioners of highways in each of said townships, not to exceed the legal rate as provided by law, as their respective townships require."

By the resolution the county clerk was authorized and instructed to extend the taxes certified to him, not to exceed the legal rate provided by law, which would have been implied if not stated in the resolution. Ordering the taxes extended as certified was an approval of the levies, and there was no such uncertainty as existed in the case of *People* v. *Illinois Central Railroad Co.* 266 Ill. 636, where it was left to the county clerk to determine what taxes were authorized by law and certified by the proper authorities and to extend the same.

In connection with the objection that there was no approval of the levies, it is argued that the taxes were void because the certificates were not filed with the county clerk on the first Tuesday in September. Section 56 of the Road law requires the commissioners on that day to determine the amount to be raised by taxation and to make their certificate to the board of supervisors, but there is no requirement that the certificate shall be filed on that day, which might sometimes be impossible. The certificate is to be filed in the office of the county clerk, to be by him presented to the county board at the September meeting, and if it is filed with him before that meeting the law is complied with.

The property of the objector was described in the delinquent list in the form prescribed by section 42 of the act for the assessment of property and the levy and collection of taxes. The description was definite, certain, and such as to enable any surveyor to find and locate the property, or any part of it, either as it extended through the county or within any taxing district. In the case of *People* v. *Chicago, Burlington and Quincy Railroad Co.* 256 Ill. 353, the property was not so described that it could be located by a competent surveyor, but that was not the fact in this case. The real objection is that a description of the separate portion of the railroad track and property in each taxing district should have been given, so that the list would show what particular part was in each town or road or school district or other taxing district. There is no necessity for such a repetition and nothing could be gained by it, and the fact that the description in the delinquent list, which stands as a declaration, covers too much property, is no objection to a judgment against that part which is subject to the tax. The decision in *Mann* v. *People,* 102 Ill. 346, where the delinquent list contained no charge against the lot for back taxes for four years but the judgment included such taxes, does not apply to a case where more property is described than is subject to the tax. In that case the judgment was for taxes not asked for, but an application for a judgment against that part of the railroad track, described according to the statute, which lies within the taxing district is proper although the delinquent list describes the whole track and property in the county.

The judgment was entered for the several taxes against all the property of the objector in the county, and this was an error for which the judgment will be reversed and the cause remanded, with directions to enter judgment for each tax against the property within the taxing district. *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112.

*Reversed and remanded, with directions.*