(No. 11132.—Reversed and remanded.)

THE PEOPLE *ex rel.* J. Hillis Boos, County Collector, Appellee, *vs.* THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

*Opinion filed April 19, 1917.*

1. TAXES—*when amended record of meeting of county board may be admitted in evidence on application for judgment.* Where the record of the September meeting of the board of supervisors has been amended by the clerk to show the fact that the board approved of the tax for road and bridge purposes by the respective townships and the amendment has been approved by the board, the amended record may be introduced in evidence at the hearing on the application for judgment and order of sale.

2. SAME—*a judgment against railroad company for delinquent taxes should describe property in each taxing district.* A judgment against a railroad company for delinquent taxes should be against the separate portions of the railroad track and property in each taxing district for whose taxes the judgment is given, and should describe the property with such particularity that it can be found by a competent surveyor, so that the judgment will show what particular tract is to be sold for the delinquent taxes of each taxing district.

3. PRACTICE—*re-opening of case for further evidence rests in discretion of court.* The matter of the order of proof and of allowing a case to be opened up for taking further evidence rests in the sound discretion of the court and should not be interfered with except for clear abuse, and greater latitude should be allowed where the cause is tried before the court without a jury than where there is a jury trial.

APPEAL from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding.

L. O. WHITNEL, and JOE WHITNEL, (EDWARD J. WHITE, of counsel,) for appellant.

WILLIAM A. SCHWARTZ, State's Attorney, (H. A. HAYS, and J. S. KENDALL, of counsel,) for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellee, J. Hillis Boos, county treasurer and *ex-officio* county collector of Jackson county, made his application at the June term, 1916, to the county court of Jackson county for judgment and order of sale of the property of appellant, the St. Louis, Iron Mountain and Southern Railway Company, for delinquent road and bridge taxes in the townships of Degognia, Kinkaid, Fountain Bluff, Sand Ridge, Grand Tower, Murphysboro, Somerset and DeSoto, in that county. The total amount of appellant's tax returned delinquent was $3467.24. Appellant appeared and filed objections, among others, that the road and bridge taxes for these townships were not approved by the county board at its September meeting. At the hearing all objections were overruled and judgment and order of sale entered. Appellant deposited the amount of the tax with the county clerk and prayed and perfected its appeal to this court.

The grounds urged for a reversal of the judgment are, that the court erred in overruling the appellant's objections, in admitting incompetent evidence after both sides had rested and the cause had been taken under advisement, and that the judgment entered does not sufficiently describe the property of appellant against which judgment was rendered.

The record of the September meeting of the county board as originally written up by the clerk failed to show that the board of supervisors in any way approved of the tax for road and bridge purposes made by the respective townships. After the objections were filed the deputy county clerk, without any order of the board of supervisors,

amended his record so as to show a motion was made and carried at that meeting to "accept and adopt the report of the committee on road and bridge levies, and that the clerk be authorized to extend the road and bridge levy in the different townships for the 1915 taxes" in accordance with such levies. The clerk who amended the record was the same one who attended and acted as clerk at the meeting of the county board at the time such proceeding was had. Thereafter, at the June meeting of the county board, a resolution was duly adopted reciting that whereas the board at its regular annual September meeting approved the certificates of the highway commissioners of the townships (naming the townships in question) levying a road and bridge tax for the year 1915 and ordered the clerk to extend the taxes against the taxable property in each township according to such certificates, and that the county clerk had omitted to show on his record that such certificates of levy were approved but had subsequently amended his record to show such fact, therefore it be resolved "that said record as amended be and the same is hereby approved as the accurate record of the proceedings of this board at its September, 1915, meeting." Appellant objected to the introduction of the evidence and insists that its admission was error.

In *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195, we held that the board of supervisors might, by resolution adopted at its June meeting, amend the record of its prior September meeting to show the approval of the certificate of levy for road and bridge purposes, where such action was, in fact, taken at the prior meeting but was omitted from the record of such meeting as written up by the clerk. We there said, on page 300 of the opinion: "A collective body having a clerk employed or authorized by law to keep its records has control of them and may amend them at any time according to the fact, even if they have once been approved. Such a body may

direct its clerk to make an amendment, and when so acting under its direction it is immaterial whether he was the individual filling the office at the time of the transaction recorded or not. The right to make such an amendment does not depend upon section 191 of the Revenue act, but it is common to legislative bodies and collective bodies generally." What is there said is decisive of this question. It was the duty of the clerk to keep a proper record of the proceedings of the meeting, and when the county board subsequently adopted the resolution approving of the amendment of the record as made by the clerk to make such record speak the truth, it had the same force and effect as if the resolution had originally been adopted by the county board directing the making of such amendment and the record had subsequently been amended by the clerk pursuant to such resolution. For this reason we see no error in the admission of such record in evidence. As the objections of appellant were based upon the want of a record of such action taken at the September meeting and such objections were not sustained by the evidence they were properly overruled.

It is further insisted that the court erred in permitting the case to be opened for the hearing of further evidence after both parties had rested and the cause had been taken under advisement by the court and permitting the introduction at such time of the resolution approving the amending of the record, for the reason that the taking of evidence had been closed before the meeting of the county board at which such resolution was adopted. It must be remembered that courts are instituted for the administration of justice, and that the matter of the order of proof and allowing a case to be opened up for taking further evidence rests in the sound judicial discretion of the court and should not be interfered with except for clear abuse, as where its effect is to countenance or aid trickery or unfairness on the part of counsel in the trial of a case. (*Indiana, Decatur and Western Railway Co.* v. *Hendrian,* 190 Ill. 501; *Her-*

*rick* v. *Chicago and Eastern Illinois Railroad Co.* 257 id. 264.) Where the cause is tried before the court without a jury, as in the case at bar, greater liberty should be allowed in such matter and such leave should not be refused except for the most cogent reasons. (*People* v. *Wiemers,* 225 Ill. 17.) The proof offered in this instance was of such a character that it could not have been produced at an earlier time, and under the circumstances we see no abuse of discretion in allowing the evidence to be introduced at such subsequent time.

It is further urged that the judgment is fatally defective in that it does not sufficiently describe the property of appellant against which the judgment is rendered. The judgment is "against the main line of the St. Louis, Iron Mountain and Southern Railway Company and in favor of the People of the State of Illinois for the road and bridge tax for the following townships," naming each township and the amount of taxes for which judgment is rendered, and "against the east and west division of the St. Louis, Iron Mountain and Southern Railway Company and in favor of the People of the State of Illinois for the road and bridge tax for the following townships," naming each township and the amount for which judgment is rendered, but the judgment nowhere describes the property in each township against which judgment is rendered but is against all of the property of appellant in the county. This was error. The judgment should have described the property of appellant in each taxing district against which judgment was rendered, with such particularity that the same could be found by a competent surveyor. (*People* v. *Wabash Railroad Co.* 267 Ill. 30.) The judgment should have been against the separate portions of the railroad track and property in each town, road or school district or other taxing district for the taxes of such town or district, so that the judgment would show what particular tract is to be sold for the delinquent taxes of each township. *People* v. *Cleve-*

*land, Cincinnati, Chicago and St. Louis Railway Co.* 271
Ill. 553; *People* v. *Toledo, St. Louis and Western Railroad
Co.* 266 id. 112.

For the reasons given, the judgment of the county court
must be reversed and the cause remanded to that court,
with directions to enter a proper judgment for each tax
against the property of appellant within the respective tax-
ing districts.                    *Reversed and remanded.*

---

(No. 11200.—Reversed and remanded.)
F. Eva Conklin, Appellee, *vs.* George R. Newman *et al.*
Appellants.

*Opinion filed April 19, 1917.*