(No. 16306.—Judgment affirmed.)

THE PEOPLE *ex rel.* Charles B. Astle, County Collector, Appellee and Appellant, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant and Appellee.

*Opinion filed February 17, 1925.*

1. TAXES—*when consent to additional town road and bridge tax may be obtained.* The amendment of the Township Organization law in 1923, providing for special meetings of the board of town auditors, does not affect the construction heretofore given section 56 of the Roads and Bridges act that consent to the levy of an additional town road and bridge tax may be obtained at the regular meeting of the board of town auditors on the first Tuesday in September, provided such consent is given prior to the levy of the tax. (*People* v. *Illinois Central Railroad Co.* 314 Ill. 339 and 373, followed.)

2. SAME—*the record must show meeting of town auditors was properly called and notice given.* The record of the town clerk must show that the meeting of the board of town auditors was properly called and notice given, and unless such is shown in the record there is no authority for the levy of an additional town road and bridge tax for which consent is given at such meeting.

3. SAME—*when railroad property is not sufficiently described.* The property of a railroad company denominated "railroad track," and against which judgment is sought for delinquent drainage assessments, should be so described that it may be located by a competent surveyor, and it is not sufficient to merely recite that the company's tracks run through certain sections and across the drainage district for which the assessments are levied.

4. SAME—*property taxed should be definitely described.* A pro-
ceeding for judgment for taxes is a proceeding *in rem* and not
*in personam,* and the property against which the judgment is to be
given should be so definitely described that it can be located or
the court will be without jurisdiction to render the tax judgment.

APPEAL from the County Court of Kankakee county;
the Hon. HENRY F. RUEL, Judge, presiding.

ANKER C. JENSEN, for the People.

· W. R. HUNTER, and EVA L. MINOR, for the Chicago and
Eastern Illinois Railway Company.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of
the court:

The county collector of Kankakee county applied to the
county court of that county at its June term, 1924, for
judgment against real estate for which taxes were delin-
quent. The Chicago and Eastern Illinois Railway Company
filed objections to the road and bridge tax of the towns of
Yellowhead, Momence, Ganeer and St. Anne and of Spring
Creek Drainage District special assessment, $313.50, and
Spring Creek Drainage District special assessment for an-
nual repair tax, $4.27. Its objections were sustained as to
the road and bridge tax of the town of Yellowhead and as to
the taxes or special assessments as to Spring Creek Drain-
age District and were overruled as to the road and bridge
taxes as to the towns of Momence, Ganeer and St. Anne,
and judgments were rendered against its property for the
taxes of said towns for $531.01, $234.63 and $279.16, re-
spectively. The railroad company has appealed from the
judgments for the road and bridge taxes for the last three
named towns, and the county collector has appealed from
the judgments sustaining the objections as to all of the
other taxes. The appeals will be considered together. ·

The facts were stipulated, and it was also stipulated the objections were in proper form to raise the question herein presented and that the People made a *prima facie* case.

The court properly gave judgment for the road and bridge taxes of the towns of Momence, St. Anne and Ganeer. The objection was as to the additional sixteen cents levy for road and bridge tax in those towns, which was levied after consent in writing had been given for the levying of the same by the boards of town auditors of said towns at a regular meeting held in each on the first Tuesday in September, 1923. The objection of the railroad company to these taxes is that legal consent could not be given by the board of town auditors in each of said towns at a meeting held on the date aforesaid, and that is the sole objection to these taxes. This court held, after a full consideration of that question, in the case of *People* v. *Illinois Central Railroad Co.* 314 Ill. 339, and also in the case of *People* v. *Illinois Central Railroad Co.* id. 373, that the amendment of the Township Organization law in 1923, providing for special meetings of the board of town auditors, does not affect the construction heretofore given section 56 of the Roads and Bridges act that consent to the levy of an additional town road and bridge tax may be obtained at the regular meeting of the board of town auditors on the first Tuesday in September, provided such consent is given prior to the levy of the tax. These cases are decisive of the question concerning said taxes.

The court also properly sustained objections to the road and bridge tax of the town of Yellowhead. The supervisor, town clerk and one justice of the peace of that town, purporting to act as the board of town auditors, met on August 29, 1923, and gave their consent in writing to the highway commissioner for the levy of sixteen cents additional tax for road and bridge purposes. The record of the town clerk does not show that said meeting was called by any person or that any notice of the meeting was given

to any person, as required by the act authorizing special meetings. The board therefore acted without jurisdiction, and its act was void and conferred no authority for the levy of such additional tax. *People* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352.

Spring Creek Drainage District attempted to levy a special assessment and an annual repair tax against the property of appellant for drainage purposes, as aforesaid. In the assessment roll the property of appellant was described as follows: "Amount apportioned and assessed against Chicago and Eastern Illinois Railroad Company, whose railroad tracks run through sections 2, 11 and 14 and across said drainage district, as its proportion of the costs and expenses to pay for the cost of removing the rock in the ditch and cleaning out the main ditch in said drainage district, for benefits which will accrue to said railroad company by reason of the said rock being removed in said main ditch and cleaning of the same in said district, damages allowed deducted." The acreage or further description of the property was not given. The court held said description insufficient to sustain the levy upon any property of the appellant. The property of a railroad company denominated "railroad track" should be so described that it may be located by a competent surveyor. This is a proceeding *in rem* and not *in personam*. Judgment for taxes is to be given against the property, and when such a judgment is given against railroad property that is so indefinite in its description that it cannot be located, and it is assessed by such a description, the court is without jurisdiction to render a tax judgment. *People* v. *Chicago, Burlington and Quincy Railroad Co.* 256 Ill. 353.

The judgments and orders of the county court are affirmed.                                    *Judgment affirmed.*