(No. 16251.—Judgment reversed.)

THE PEOPLE *ex rel.* Hilding F. Matson, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed April 24, 1925.*

1. TAXES—*when bill of exceptions in a collector's proceeding may be amended.* Where the bill of exceptions, on a hearing of objections in a county collector's proceeding for delinquent taxes, fails to show certain exhibits which were introduced in evidence but inadvertently omitted by the court reporter, it may be amended, even after the term, to speak the truth, where there are in the files and records of the case ample memoranda, made in the presence of the court, to authorize such amendment.

2. SAME—*road and bridge tax must be itemized.* A town road and bridge tax as certified by the highway commissioner must show the different purposes for which the levy is made, as specified in sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act, and a levy in a gross or lump sum is void, as the taxpayer has the right to know the purposes for which the money sought to be raised will be expended.

3. SAME—*when additional road and bridge tax must be held void although properly authorized.* An additional town road and bridge tax is properly authorized when consent to the levy is

obtained at a meeting of the board of town auditors on the first Tuesday in September prior to the levy of the tax, but where the additional tax is included in a levy of the town road and bridge taxes in a lump sum the entire tax must be held void, including the additional tax.

APPEAL from the County Court of Warren county;. the Hon. C. M. HUEY, Judge, presiding.

GRIER, SAFFORD & SOULE, (J. A. CONNELL, of counsel,) for appellant.

CHARLES E. LAUDER, State's Attorney, (FREDERICK H. LAUDER, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

To the application of the county collector of Warren county for judgment and order of sale for delinquent taxes the Chicago, Burlington and Quincy Railroad Company filed objections to the road and bridge taxes of the towns of Spring Grove, Monmouth, Lenox, Roseville, Swan, Coldbrook, Hale, Tompkins and Greenbush, in that county. The objections were overruled and the railroad company prosecutes this appeal.

After the transcript of the record had been filed in this court appellant made a motion in the county court to amend the bill of exceptions, and upon a hearing the motion was allowed. Subsequently appellant presented to this court its motion for leave to file a transcript of the record made in the county court pursuant to its motion to amend the bill of exceptions. This motion was also allowed and a transcript of the supplemental record was filed. Appellee then interposed a motion in this court to strike the bill of exceptions from the transcript of the original record, and urges in support of the motion that the original bill of exceptions did not contain, nor purport to contain, all the

evidence offered on the hearing of the objections, and that the county court had no power to allow the amendment of the bill of exceptions. Whether this motion should be granted is the first question to be determined.

On appellant's motion in the county court to amend the original bill of exceptions, it appeared that the court reporter who took the testimony upon the hearing of the objections prepared a typewritten transcript of the testimony in duplicate, but omitted therefrom all the exhibits offered by either party as well as a certificate that it contained all the evidence introduced. He filed these transcripts in the office of the clerk of the county court. The deputy clerk, in preparing the transcript of the record for this appeal, discovered that no certificate of the trial judge had been attached to either duplicate and called the reporter's attention to the omission. At his request the deputy clerk prepared two of these certificates, one on each of two sheets, and within the period fixed for filing the bill of exceptions obtained the judge's signature to both and attached one to a duplicate transcript of the evidence. This duplicate the deputy clerk incorporated in the transcript of the record which, on August 26, 1924, was filed in this court. The other duplicate was missing when one of the judge's certificates was attached to the first, but on August 23, 1924, the State's attorney, of appellee's counsel, in searching the clerk's office found it without the necessary certificate. Later the remaining certificate was attached to this transcript of the evidence and the whole was left on file as the original bill of exceptions in the cause. It was also shown that the exhibits offered on the hearing of the objections to the county collector's application had been inadvertently omitted from the transcript of the evidence by the court reporter. The county court inspected the exhibits with the memoranda made thereon in the court's presence, examined the records and the transcript of the evidence theretofore filed and certified that upon the hearing of the objections the exhibits

were admitted in evidence on behalf of the objector but had been omitted from the bill of exceptions. The county court thereupon ordered that the original bill of exceptions be amended to certify the facts and signed and sealed a supplemental bill as an amendment to the former bill of exceptions, and certified that the original and supplemental bills of exceptions contained all the evidence introduced upon the hearing of the objections by both parties. The order was entered *nunc pro tunc* as of the date of the certificate to the original bill of exceptions.

The facts and circumstances shown by the complete record justified the county court in amending the original bill of exceptions and certifying that the original and supplemental bills of exceptions contained all the evidence offered on the hearing of the objections to the county collector's application. A bill of exceptions had been presented to the trial judge within the time fixed for filing a bill of exceptions, and there were in the files and records ample memoranda upon which the requested amendment could be predicated. That the omitted exhibits actually had been admitted in evidence was not controverted. A bill of exceptions, like any other record, may be amended, even after the term has expired, to make it speak the truth. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh*, 150 Ill. 607; *Olds* v. *North Chicago Street Railroad Co.* 165 id. 472; *People* v. *Kuhn*, 291 id. 154.) The supplemental record is properly before us, and appellee's motion to strike the bill of exceptions from the transcript of the original record is denied.

The road and bridge tax was certified by the highway commissioner of each of the several towns to the board of supervisors of Warren county in a gross or lump sum. In no instance were the items which constituted the total stated separately. On the authority of these certificates the county clerk extended the taxes. Appellant objects that a road and bridge tax cannot be certified in a lump sum, and that if

such a tax is so certified it is void. Sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act, (Smith's Stat. 1923, p. 1794,) provides that the highway commissioner, in determining the amount to be levied for road and bridge purposes, shall state separately the several amounts to be levied for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads and the prevention and extirpation of weeds. The tax-payer has the right to know the purposes for which the money sought to be raised will be expended. None of the highway commissioners' certificates gave the required information. The statutory provision is mandatory, and for the failure to observe it the road and bridge taxes of the towns of Spring Grove, Monmouth, Lenox, Roseville, Swan, Coldbrook, Hale, Tompkins and Greenbush are void and the appellant's objections thereto should have been sustained. *People* v. *Chicago, Terre Haute and Southeastern Railway Co.* 315 Ill. 589; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 id. 455; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 id. 532; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312; *Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 id. 458; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 id. 566.

The road and bridge tax of each of the towns of Spring Grove, Swan, Coldbrook and Greenbush was in excess of fifty cents on each $100 valuation of the taxable property in the town. The written consent to the excess required by section 56 of the act in relation to roads and bridges (Smith's Stat. 1923, p. 1796,) was obtained from the board of auditors of each of these towns on September 4, 1923, which was the first Tuesday of the month, before the tax was certified. Appellant objects to these excess taxes on the ground that since the amendment of section 3 of arti-

cle 13 of the Township Organization act, (Laws of 1923, p. 628,) which permits meetings of the board of auditors of a town to be held upon request of the supervisor or of any two members of the board, the written consents should have been secured prior to the first Tuesday in September, and that not having been so obtained the road and bridge taxes in question are void. Appellant's contention in this respect has been denied in *People* v. *Chicago and Eastern Illinois Railway Co.* 315 Ill. 536; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 315 id. 129; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 id. 455; *People* v. *Wabash Railway Co.* 314 id. 432; *People* v. *Illinois Central Railroad Co.* 314 id. 339; *People* v. *Illinois Central Railroad Co.* 314 id. 373; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 314 id. 378; *People* v. *Eastern Illinois and St. Louis Railway Co.* 312 id. 134; *People* v. *Illinois Central Railroad Co.* 310 id. 212; *People* v. *Chicago and Eastern Illinois Railway Co.* 310 id. 257; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 id. 162; *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402.) These excess taxes, however, are included in, and in no way separated from, the road and bridge taxes which were certified in gross or lump sums in the same towns. Since the whole and entire road and bridge tax of each of these towns is void, the portion thereof levied in excess of fifty cents on each $100 valuation, although the consent thereto was properly obtained, necessarily fails.

Appellant finally objects that its property was not correctly described in the county court's judgment. In view of our conclusion it is unnecessary to consider that question.

The judgment of the county court will be reversed.

*Judgment reversed.*