(No. 29583.—

SALINE BRANCH DRAINAGE DISTRICT, Appellee, *vs.* URBANA-CHAMPAIGN SANITARY DISTRICT *et al.,* Appellants.

*Opinion filed Sept. 18, 1946—Rehearing denied November 14, 1946.*

DONALD D. RICHMOND, of Champaign, for appellants.

CARSON & APPLEMAN, of Urbana, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

. This is an action brought by appellee, Saline Branch Drainage District, against appellants, Urbana-Champaign Sanitary District and the commissioners thereof. The prayer of the complaint was that a writ of *mandamus* issue compelling the sanitary district to pay a drainage assessment, alleged to have been authorized and confirmed by the county court of Champaign county in 1935.

As we view the record, it will be necessary to consider only the question of the sufficiency of the judgment of confirmation entered by the county court. The facts are stipulated and are not in dispute. In so far as here material, they are as follows: Appellee, Saline Branch Drainage District, was organized in 1906, under the Levee Act. (Ill. Rev. Stat. 1945, chap. 42, pars. 2-5.) Appellant Urbana-Champaign Sanitary District was organized on March 26, 1921, under the act of June 22, 1917, as a sanitary district. (Ill. Rev. Stat. 1945, chap. 42, par. 299.) It is a municipal corporation created by legislative authority. (*Chicago and Eastern Illinois Railway Co.* v. *Sanitary Dist.* 350 Ill. 542.) The sanitary district is the owner of 43.95 acres of land located within the boundaries of the drainage district, which is correctly described as follows: "Lots A & B of a Subdivision of the E½ of the SW Quarter of Section 9 in Township 19 N. Range 9 E. of the Third Principal Meridian in Champaign County, Illinois." On this tract of land it maintains and operates a sewage treatment and disposal plant. The drainage from this tract and also the effluent from the disposal plant flows into the ditches of the drainage district. The sanitary district owns no streets or alleys, and no other property within the drainage district.

On January 5, 1934, the drainage district filed a petition in the county court for an assessment to pay the cost of additional work within the district under section 37 of the Levee Act. (Ill. Rev. Stat. 1945, chap. 42, par. 37.) There was attached to this petition exhibit "A," which is

designated in the stipulation as a "Standard Profile Plate." It is further stipulated that in this exhibit attached to the petition the name of "Urbana & Champaign Sanitary District" appears. The connection, purpose and sequence in which the name is there used does not appear. It is further stipulated that after the filing of said petition, notices were posted and published, the sufficiency of which is challenged. It is further stipulated that on April 23, 1934, the drainage district filed in the office of the clerk its plans, profiles, estimates and specifications, describing certain lands within its boundaries and indicating the benefits to accrue to such lands by said proposed work; that with and as a part of these plans, profiles, estimates and specifications there was also filed a standard profile plate similar to exhibit "A" which was attached to the original petition, but which did not mention the name of the sanitary district or describe any of its lands. On the same day an amended petition for the assessment was filed.

Upon a hearing the county court entered an order authorizing the drainage district to make an assessment roll of benefits and damages, as provided in section 17 of the Levee Act (Ill. Rev. Stat. 1945, chap. 42, par. 18.) It is further stipulated that the sanitary district did not appear or participate in any of the proceedings had in connection with said assessment; that on January 30, 1935, the roll of assessments prepared by the commissioners was filed; that notice was given by posting and publishing, the sufficiency of which is likewise challenged; that the sanitary district did not appear; that afterwards on February 20, 1935, upon a hearing had in the county court a verdict was returned by the jury and a judgment entered confirming the assessment roll for the additional work. It is further stipulated that in the roll of assessments prepared and filed by the commissioners, in the verdict of the jury, and in the judgment order confirming the assessment, the following appeared: "U & C Sanitary Dist., Tract & Sewerage

Sys., Lots A. & B. sub. pt., E½, SW, Ex. Hy. & Ex. Row, Sec. 9, Twp. 19, R. 9, Acres—43.95, Damages $125.00, Benefits $1149.95." By the judgment of confirmation the court directed that the judgment be spread upon the records; that such judgment and the verdict shall be a lien upon the lands, lots, railroads, streets, alleys, and public highways from and after the entry thereof until paid, payable in one installment and to bear interest at the rate of 6 per cent per annum until paid.

As already observed, the sanitary district did not appear at any stage of the proceedings and took no part therein. It did not pay the assessment above referred to. At the September term, 1943, of the circuit court of Champaign county, the drainage district filed this suit praying for a writ of *mandamus* to compel the sanitary district to pay the assessment. The issues were submitted to a jury. A verdict in favor of the drainage district was directed by the court. Judgment was entered on the verdict awarding the writ of *mandamus*, as prayed. The decisive question is whether in the assessment proceedings in the county court the drainage district obtained a judgment which it may enforce against the sanitary district by *mandamus*.

The rule is well settled that a judgment confirming a drainage assessment, like judgments confirming other special assessments, against property owned by private owners, is a judgment *in rem*. Such judgments cannot be enforced against the owner. They do not create a liability against such owner. If the judgments are not paid they may be enforced only by the sale of the property in the manner provided for the sale of property for delinquent general taxes. (*City of East St. Louis* v. *Illinois State Trust Co.* 372 Ill. 120; *Birds Drainage Dist.* v. *Cairo, Vincennes and Chicago Railway Co.* 257 Ill. 57.) It is also true that to render a judgment confirming a special assessment against property owned by private individuals enforceable by sale of the property, the property must be so described in the

judgment that it can be identified and located. *People ex rel. Astle* v. *Chicago and Eastern Illinois Railway Co.* 315 Ill. 536; *People ex rel. Stiteley* v. *Chicago, Burlington and Quincy Railroad Co.* 256 Ill. 353.

This, however, is not true as to judgments confirming assessments for benefits accruing to property owned by municipal or other public corporations. Such judgments create no lien upon the property. Property belonging to such corporations cannot be sold for the nonpayment of the assessments confirmed by the judgments. The only method by which such judgments can be enforced is by *mandamus* against the municipal or other public owner to enforce payment of the judgment confirming the assessment, out of its general treasury. *West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392; *County of Mc-Lean* v. *City of Bloomington,* 106 Ill. 209; *Taylor* v. *People ex rel. Reed,* 66 Ill. 322.

When it has been judicially determined in the manner provided by law, in an appropriate proceeding, that benefits will accrue to property owned by a municipality, a county, or other public corporation by the making of an improvement to be paid for by an assessment against the property specially benefited, and judgment of confirmation has been entered, the law imposes upon such corporation the duty to pay such judgment out of its treasury. This duty may be enforced by *mandamus.* (*Spring Creek Drainage Dist.* v. *Comrs. of Highways,* 238 Ill. 521; *County of McLean* v. *City of Bloomington,* 106 Ill. 209.) *Mandamus* will lie to compel a sanitary district to perform a duty imposed upon it by law. *Chicago and Eastern Illinois Railway Co.* v. *Sanitary Dist.* 350 Ill. 542.

The only purpose of describing the property in judgments entered for benefits accruing to property belonging to a municipal or other public corporation, is to determine the proportion of the cost of the proposed improvement which accrues to such property as benefits and which shall

be paid by such municipal or public owner. Such judgments create no lien against the property. They cannot be enforced by a sale of the property. They can only be enforced against such owner in the manner provided by law and must be paid out of its general treasury. (*West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392.) That being true, a judgment confirming a drainage or other special assessment for benefits accruing to property owned by a municipal or other public corporation is, to all intents and purposes, a judgment *in personam.*

It is elementary that a judgment *in personam,* in order to be enforceable, must identify with certainty the person or corporation against whom it is entered, either by designating the name of such debtor in the judgment itself, or by appropriate references to the pleadings or other parts of the record where such identity may be ascertained. Here the only designation of the judgment debtor, either in the assessment roll, the verdict of the jury, or the judgment of confirmation is "U & C Sanitary Dist." The balance of the language used in connection with the assessment relates only to the description of the land benefited and damaged by the proposed work. Neither is there any reference or any language in any other parts of the record from which the name of the corporation against whom the judgment was intended to be entered can be ascertained. According to the stipulation the only place where the name of the sanitary district appeared in the entire proceedings was in exhibit "A," which was attached to the original petition. This petition and exhibit, however, were abandoned by filing an amended petition and an amended exhibit and profiles, plans, estimates and specifications, in which the name of the sanitary district was not mentioned, nor was any of its property described. It is stipulated that the correct corporate name of the sanitary district is Urbana-Champaign Sanitary District. It could be sued only in that name and judgment could be lawfully entered against

it only by that name. By the use of the abbreviation "U & C Sanitary Dist.," in the judgment, as describing the debtor against whom it was intended to be entered, the corporate and statutory name of the sanitary district cannot be identified. A judgment against "U & C Sanitary Dist." is not a judgment against Urbana-Champaign Sanitary District. We assume that if *mandamus* proceedings were brought against the sanitary district to enforce the payment of an ordinary judgment at law, entered against "U & C Sanitary Dist.", no one would contend that the plaintiff would be entitled to the writ. *County of Winnebago* v. *Industrial Com.* 336 Ill. 466; *County of Rock Island* v. *Steele,* 31 Ill. 543; *County of Clay* v. *Curtright,* 251 Ill. App. 371.

Section 1 of the act under which the sanitary district was organized (Ill. Rev. Stat. 1945, chap. 42, par. 299,) requires that the petition for the organization of such a district shall contain the "name of such proposed sanitary district." If, in the referendum election required by said section, a majority of the votes are in favor of the organization of the district, it is lawfully organized as a sanitary district under the name designated in the petition and is invested with the corporate powers conferred by the act. It is thereby established as a municipal corporation under such corporate name and thereupon becomes a part of the machinery of the government for the purposes designated in the act. *Chicago and Eastern Illinois Railway Co.* v. *Sanitary Dist.* 350 Ill. 542.

It is true that in the cases of *Winnebago County* v. *Industrial Com., County of Rock Island* v. *Steele,* and *County of Clay* v. *Curtright,* cited above, there was a special statutory provision which prescribed the name by which a county may be sued. Here, there is no provision of the statute prescribing the name by which a sanitary district may be sued. The statute, however, does provide that the petition by which the organization of a sanitary district is

originated shall contain the name of the proposed district. When the organization is completed, the name contained in the petition is the name by which it shall be known and in which it may exercise its corporate functions. It follows that it is a corporate entity and in the absence of any special statutory provision providing otherwise, it can carry on its corporate business only in, and be sued only by, that name.

Section 18 of the schedule to the constitution provides that all judicial proceedings shall be conducted and preserved in no other than the English language. This provision is self-executing. In construing this language of said section 18, in *Stein* v. *Meyers,* 253 Ill. 199, we said: "At first blush it would appear that there should be no occasion for a discussion as to the meaning of the words 'English language.' They refer to the well known spoken and written tongue used by the people of this nation. Webster's New International Dictionary defines language to be: 'The body of words and methods of combining words used and understood by a considerable community.' The English language is composed of words spoken or written. While these words are composed of single letters of the alphabet, the letters themselves do not constitute the English language. In fact, those letters are derived from a language more ancient than the English, and it is only by using them in connection with the spelling of English words that they can be said to be of themselves, in any sense, a part of the English language. To constitute English language the written letters used must be formed into words that are known as a part of the language, and those words so used in such connection with one another that they form sentences which convey some thought or meaning."

In *Loehde* v. *Glos,* 265 Ill. 401, the following language was used: "In its broadest sense the term 'judicial proceedings' embraces all proceedings in a court of justice, but such proceedings are not all preserved or published.

The record history of a cause is alone preserved, and the constitutional provision that it shall be preserved in no other than the English language refers only to such record. That record is for the information of citizens and litigants, and the constitutional provision requires that it shall be so preserved and published that it will be intelligible to a person understanding the English language, without other knowledge. (*Stein* v. *Meyers,* 253 Ill. 199.) The individual need not seek the aid of experts or persons skilled in any art or profession for the purpose of understanding the meaning of the record, but the constitution contemplates that it shall be so preserved that it may be under stood without such aid."

The abbreviation "U & C Sanitary Dist." contained in the judgment did not preserve the record in a manner that is intelligible to a person understanding the English language without other knowledge. The individual would be required to seek the aid of experts or opinions of other persons for the purpose of understanding the meaning of the abbreviations in the record, whereas, the constitution provides that the record shall be so preserved in the English language that it may be understood without such aid. This provision does not, of course, apply to proper names which can only be expressed in a foreign language. The abbreviation "U & C Sanitary Dist." cannot, however, be classified as a proper name, so as to exempt it from the requirements of section 18 of the schedule to the constitution. The corporate name of the sanitary district is not a name which can be expressed only in words foreign to the English language. It can be expressed only by words which are a part of the English language.

The judgment here sought to be enforced by *mandamus* is not a judgment against Urbana-Champaign Sanitary District, in its corporate name. It is a judgment against "U & C Sanitary Dist.," which, so far as this record shows, is neither a corporation nor an individual. Nor is the

description of the lands set out in the judgment in connection with the words "U & C Sanitary Dist.," sufficient upon the record in this case to identify the Urbana-Champaign Sanitary District as the debtor against whom the judgment is sought to be enforced.

If it be argued that all that is necessary to fix the liability against a municipal or public owner is that the assessment identify the property benefited, the record is equally deficient. The property described in the judgment in connection with the abbreviation "U & C Sanitary Dist.," is as follows: "Tract & Sewerage Sys., Lots A. & B. Sub. pt E½, SW, Ex. Hy. & Ex. Row, Sec. 9, Twp. 19, R. 9, Acres—43.95, Damages $125.00, Benefits $1149.95." This does not purport to be an assessment against a tract of land alone. It purports to be and is an assessment against a tract of land and, if the abbreviation "Sys." can be treated as indicating "systems," against certain undescribed and unidentified sewerage systems. The sewerage system belonging to the sanitary district includes all lines, mains, tiles, connections, pumps, machinery, outlets and other equipment and property owned and operated by it throughout the entire sanitary district, as well as the plant and equipment located upon the land within the drainage district. Obviously no part of such system located, maintained and operated outside the drainage district, regardless of its character as real or personal property, could be assessed. Neither could any property, other than lands, be assessed. It must be conceded that a sewerage system includes property other than lands. Where the assessment, as here, is against a tract of land, even though the land was sufficiently described, and also against other property, designated as "sewerage systems," which are not described and which include property other than lands, and property which may be located outside the drainage district, it cannot be sustained as an assessment against the lands of the sanitary district located within the drainage district.

In a *mandamus* proceeding no rights can be acquired. The purpose of such a proceeding is only to enforce rights already lawfully vested. The plaintiff in this case did not establish its right to compel the sanitary district to pay a judgment entered not against it but against "U & C Sanitary Dist." The judgment sought to be enforced was fatally defective. It could not be added to, explained, amended, altered, or corrected, by parol testimony. Its validity must be determined from the record made in the proceedings in which it was entered, alone. That record being wholly insufficient to establish a judgment or liability against the sanitary district, or against its property which was subject to the assessment, the court erred in directing a verdict in favor of the plaintiff and in entering judgment awarding the writ.

The judgment of the circuit court of Champaign county is reversed.

*Judgment reversed.*