JOHN C. WEINER, Plaintiff-Appellee, *v.* FOREST PRESERVE DISTRICT OF COOK COUNTY, Defendant-Appellant.

First District (4th Division)   No. 83—1650

Opinion filed July 19, 1984.

Michael W. Ward, of O'Keefe, Ashenden, Lyons & Ward, of Chicago, for appellant.

John P. Sullivan, of Sullivan & Sullivan, of Chicago (Robert N. Lipschultz, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:
This action challenges the propriety of a writ of *mandamus* issued by the trial court which ordered the defendant, Forest Preserve District (District) of Cook County, to pay money to the plaintiff, John Weiner, to enforce eight judgments for special assessment. Between 1914 and 1943, the village of Lyons sought and received the eight judgments confirming special assessments against the District. The judgments were sold as delinquent in the form of "special assessment liens" by the village to a bond company in 1949. The plaintiff in the instant action bought the "liens" from the bond company in 1955.

In August of 1979, the plaintiff demanded payment from the District. The plaintiff's request was refused and he filed the instant *man-*

*damus* action on October 5, 1979. The trial court issued a writ of *mandamus* against the District, compelling it to pay the judgments for special assessment. The District now appeals the trial court's order.

The threshold issue in this appeal is whether the interest purchased by the plaintiff in 1955 can support a cause of action for *mandamus*. This interest is referred to by the plaintiff at certain times as either a lien on the District's property or a cause of action to collect money from the District. Each of these characterizations raises different legal implications. As we shall discuss below, any lien theory raised by the plaintiff would be barred by Illinois case law and any argument alleging the purchase of a cause of action would be barred by the statute of limitations. Because the plaintiff can prevail on neither theory, the order of the trial court must be reversed and the writ of *mandamus* must be quashed.

We shall first address the ramifications upon the instant action if the interest purchased by the plaintiff was in fact a lien. We believe that the Illinois Supreme Court's decision in *Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1946), 395 Ill. 26, 69 N.E.2d 251, controls this issue. In *Saline*, the court noted that a judgment confirming a special assessment against property owned by a private owner is a judgment *in rem* which must be enforced against the property, not the individual owner. In contrast, the court found that a judgment confirming a special assessment against a municipal or public corporation cannot create such a lien upon the property. Rather, the judgment must be enforced *in personam* against the public owner by way of a writ of *mandamus*. In other words, "[s]uch judgments create no lien against the property [and] [t]hey cannot be enforced by a sale of the property." (*Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1946), 395 Ill. 26, 32, 69 N.E.2d 251, 254.) Thus, under *Saline*, a lien could not be created against public property and any such attempt to create a lien is without legal effect.[1] Consequently, the plaintiff's lien theory must fail.

The plaintiff nonetheless attempts to distinguish *Saline* from

---

[1]Certain parcels of the property which were benefitted by the assessments were owned by private owners at the time the property was assessed. These parcels were later acquired by the District. In *In re Application of County Collector* (1979), 79 Ill. App. 3d 151, 398 N.E.2d 392, the court found, based on the *Saline* decision, that even where a valid lien originally existed on private property, the purchase of the property by a public body extinguished the lien. Therefore, it is irrelevant in this case that certain parcels of the assessed property originally belonged to private owners.

the instant action by alleging that *Saline* arose under the levee act (see Ill. Rev. Stat. 1945, ch. 42, pars. 2 through 5), while the instant case arose under the Local Improvement Act (see Ill. Rev. Stat. 1981, ch. 24, par. 9—2—115). The plaintiff argues that the levee act contains a notice provision for the confirmation of an assessment and that a similar provision is not included in the Local Improvement Act. However, we observe that the supreme court's decision in *Saline* did not in any way hinge upon this unique provision of the levee act but rather likened drainage assessments to any other special assessment against a public body. (See *Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1946), 395 Ill. 26, 31-32, 69 N.E.2d 251, 253-54.) We therefore believe that the plaintiff's arguments concerning purported distinctions between the two acts to be unfounded and we find no merit in his contention that he acquired liens upon the District's property.

■ We must next determine whether the plaintiff could prevail against the District if the interest he purchased was in fact a cause of action to collect money from the District. The District maintains that such a claim would be time-barred by the statute of limitations. We agree.

Two separate sections of the statute of limitations have been cited by the parties as being applicable to the plaintiff's claim. The plaintiff contends that the statute of limitations for the foreclosure of special assessment liens must control. (Ill. Rev. Stat. 1979, ch. 24, par. 9—2—70.) As we have already discussed, no lien rights may attach to the property of a municipal or public body; they may only attach to the property of private individuals. Thus, the statute of limitations cited by the plaintiff is applicable only in regard to the property of individuals and not to the property of public bodies. Because in this case the District is a public body immune from having its property attached by liens, the statute of limitations dealing with special assessment liens is inapplicable to the facts now before this court. We therefore find the plaintiff's arguments to be misplaced.

■ The District, on the other hand, cites the statute of limitations for actions for collection of delinquent taxes as being applicable to the plaintiff's claim. (Ill. Rev. Stat. 1979, ch. 120, par. 892.) That section provides in part:

> "Actions for the collection of any delinquent installments of special assessments or special taxes, or the enforcement or foreclosure of the lien thereof shall be commenced within 30 years after such installments became delinquent and not thereafter and after such 30 years the lien on account of any such

installment shall be discharged and released. ***"

We agree with the District's position that this section of the statute of limitations is applicable to the case at bar.

■ The plaintiff's exhibits disclose that the so-called special assessment liens were sold as delinquent on January 11, 1949, to a bond company. Under the statute of limitations, the plaintiff had 30 years from that date in which to commence an action to collect the special assessments. Thus, the plaintiff had until January 11, 1979, to file his cause of action in order to avoid the time bar of the statute of limitations. However, the plaintiff did not file the instant action for collection until October 5, 1979. We consequently find that the statute of limitations acted as an alternative bar to the claims raised by the plaintiff.

■ When the plaintiff's arguments are viewed in their entirety, it appears that he wishes this court to recognize some sort of hybrid cause of action combining both his lien theory and his argument that he purchased a cause of action to collect money from the District. Specifically, the plaintiff requests that we find his claim not to be a lien for purposes of the *Saline* decision but then wishes to have the statute of limitations for special assessment liens apply in order to avoid the time bar of the statute of limitations for delinquent installments of special assessments. The plaintiff cannot have it both ways. The purpose of a *mandamus* proceeding is only to enforce rights already lawfully vested and rights cannot be acquired in such a proceeding. (*Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1946), 395 Ill. 26, 69 N.E.2d 251.) *Mandamus* is not a writ of absolute right but an extraordinary remedy that will not issue in doubtful cases. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 374 N.E.2d 932.) In the case at bar, we can find no authority to adopt the plaintiff's novel cause of action and we do not believe that the extraordinary remedy of *mandamus* should issue in this case.

For the foregoing reasons, the trial court's order issuing a writ of *mandamus* against the District is reversed and the writ of *mandamus* is quashed.

Reversed.

LINN, P.J., and JOHNSON, J., concur.